Dominic **LUND** and **Gladys Lund**, his mother by next friend **David Wawro**, et al.

v.

John J. **AFFLECK**, Individually and in his capacity as Director of the Rhode Island Department of Social and Rehabilitative Services, and Marie Perry, Individually and in her capacity as a case aide for the Rhode Island Department of Social and Rehabilitative Services.

Civ. A. No. 74–36.

United States District Court, D. Rhode Island.

Jan. 15, 1975.

**138**

John M. Roney and Kenneth F. Mac-Iver, of R. I. Legal Services, Inc., Providence, R. I., for plaintiffs.

W. Slater Allen, Jr., Asst. Atty. Gen., (R. I.), Providence, R. I., for defendants.

## OPINION AND ORDER

PETTINE, Chief Judge.

This is a civil action for declaratory and injunctive relief pursuant to 42 U. S.C. sec. 1983 and 28 U.S.C. secs. 2201 and 2202.

The plaintiffs are needy unwed mothers and children of Rhode Island whose applications for benefits as families with dependent children were denied because of an unwritten informal policy of the Department of Social and Rehabilitative Services not to pay such benefits to applicants under 18 years of age regardless of eligibility. The plaintiffs in this case otherwise qualify in that the father of each child is absent from home and each dependent child lives with the remaining parent.

██ Plaintiffs assert that this policy violates their rights under the Equal Protection Clause of the Fourteenth Amendment, and conflicts with various provisions of the Social Security Act of 1935, 42 U.S.C. sec. 601 et seq. and with various regulations of the Department of Social and Rehabilitative Services itself. Jurisdiction over the Equal Protection claim is conferred on the Court by 28 U.S.C. § 1343. According to the guidelines laid down by the First Circuit in Randall v. Goldmark, 495 F.2d 356 (1974), a federal court may assume pendent jurisdiction of the non-constitutional claims unless the constitutional claim asserted is totally insubstantial. Id. at 358. Accord Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Cf. Giguere v. Affleck, 370 F. Supp. 154 (D.R.I.1974). In the instant case, the defendants concede that the operative effect of their policy is to deny "AFDC" to persons otherwise eligible to receive it solely on the basis of age (under 18 years). A challenge to such a policy can hardly be viewed as entirely frivolous. See, e. g., Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Therefore, the Court in its dis-

cretion may assume pendent jurisdiction of plaintiffs' non-constitutional claims. Since these are dispositive of the case, the Court need not reach plaintiffs' Equal Protection challenge.[1] Hagans v. Lavine, *supra* 415 U.S. at 547, 94 S.Ct. 1372, 39 L.Ed.2d 577; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 341, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

It is admitted by the defendant, "[t]hat on or about February 26, 1974, plaintiff Gladys Lund was denied Aid to Families with Dependent Children benefits (AFDC) for herself and her then unborn child by an agent of the defendant because she was under eighteen (18) years of age.

"That on or about July 19, 1974, intervenor Rowena Smith was denied Aid to Families with Dependent Children benefits (AFDC) for herself and her minor child by an agent of the defendant because she was under eighteen (18) years of age.

"That whenever any female under eighteen (18) years of age who has a dependent child or children applies for Aid to Families with Dependent Children benefits (AFDC) and is otherwise eligible to receive such benefits, she is denied such benefits [as opposed to any other form of assistance such as shelter, referral to Child Welfare Services, etc.] solely because at the time of her application she is under eighteen (18) years of age." (Exhibit 2)

The testimony at a trial on the merits revealed that on or about November 20, 1974, intervenor, Ada Matos, who at the time was about seven months pregnant, was denied Aid to Families with Dependent Children benefits for herself and her unborn child by an agent of the defendant because she was under eighteen (18) years of age.

The parties further stipulated "[t]hat during the pendency of this action two additional seventeen year old mothers with dependent children, not named in this complaint, applied for "AFDC" financial benefits and were denied said benefits solely because they were under eighteen years of age." The defendant agreed to place these women on "AFDC" pending the outcome of this litigation.

## CLASS ACTION

■■ Plaintiffs initially move under Rule 23(c)(1), Fed.R.Civ.P. to certify this action as a class action on behalf of the plaintiffs and all persons similarly situated, namely, all women under the age of eighteen (18) and their needy dependent children, born or unborn, who are or may in the future be eligible for "AFDC" benefits under Title IV of the Social Security Act of 1935, 42 U.S.C. sec. 601 et seq. but whose applications for "AFDC" assistance are refused and denied solely because of the policies of the defendants of not accepting applications from and not granting aid to families with dependent children under eighteen years of age regardless of whether said applicant is eligible to receive such aid as the mother of a born or unborn dependent child.[2] The fact that the ex-

---

1. Indeed the Court may be without jurisdiction, sitting as a single judge, to grant injunctive relief as to the Equal Protection claim since the policy, although informal and unwritten, appears to be applied uniformly throughout the state and thus a three-judge court may be required to consider plaintiffs' request for injunctive relief as to the constitutional challenge. 28 U.S.C. § 2281. *See* Souza v. Travisono, 498 F.2d 1120, 1122 (1st Cir. 1974). However, once pendent jurisdiction has properly been assumed, it is clear that a single judge has jurisdiction to grant injunctive or declaratory relief on grounds other than the substantive constitu-

tional claims (as opposed to "statutory" claims arising under the Supremacy Clause) and should be encouraged to do so. Hagans v. Lavine, *supra* 415 U.S. at 543–544, 94 S. Ct. 1372. *See also* Gonzalez v. Automatic Employees Credit, 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249.

2. All parties concede that the eligibility of an applicant with an unborn child is not at issue in this case since such an applicant is eligible for "AFDC" under Sec. b, par. 1, subpar. (a), R.I.Manual for Assistance Payment for Families.

act number of the class cannot be enumerated does not bar certification. The scope and nature of this litigation and the plaintiffs' class allegations on information and belief lead me to find that the class is so numerous that joinder of all members is impractical.

I find that the plaintiffs have sufficiently met the prerequisites for the certification of a class action as enumerated in Rule 23(a) Fed.R.Civ.P. The questions of law and fact are common to the class, and the claims of the representative parties are typical of those which could be raised by any member of the class. There do not appear to be any interests of the named plaintiffs adverse to those they seek to represent, and it appears that the named plaintiffs, represented by counsel experienced in welfare litigation, will fairly and adequately protect the interests of the class.

Furthermore, this action is appropriate for certification as a class under Rule 23(b)(2), in that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole. In a (b)(2) class, notice is not required and the actual membership of the class need not be precisely drawn. Yaffe v. Powers, 454 F.2d 1362 (1st Cir. 1972). Cf. Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

The matter is hereby certified as a class action under Rule 23(b)(2).

## SOCIAL SECURITY ACT

Title IV of the Social Security Act of 1935, 42 U.S.C. sec. 602(a)(10) provides that effective July 1, 1951

"all individuals wishing to make application for aid to families with dependent children shall have opportunity to do so, and that aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals."

The Social Security Act defines a dependent child as a "needy child . . . who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother . . ." or other specified relative. 42 U.S.C. sec. 606(a). Section (b) of this same statute states that the term "aid to families with dependent children," includes "money payments . . . to meet the needs of the relative with whom any dependent child is living," and section (c) reads, the term "relative with whom any dependent child is living", means, "the individual who is one of the relatives specified in subsection (a) of this section and with whom such child is living . . . in a place of residence maintained by such individual (himself or together with any one or more of the other relatives so specified) as his (or their) own home." The Act places no age limitations on the definition of "relative with whom any dependent child is living".

The federal statute further provides, " . . . that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children . . . as well as any expenses reasonably attributable to the earning of any such income". 42 U.S.C. sec. 602(a)(7).[3]

Under regulations of the Rhode Island Department of Social and Rehabilitative Services a needy pregnant mother deprived of support of the father because of his absence, is eligible to receive aid under the "AFDC" program upon application and verification of need and pregnancy. R. I. Manual for Assistance Payment for Families Sec. b, Par. 1, subpar. (a).

---

3. Thus, even if the Department of Social and Rehabilitative Services were required to entertain applications from minors for "AFDC", it would in no way be prevented from considering actual contributions made by the parents of a minor applicant to determine eligibility or the proper amount of "AFDC" benefits to be paid.

## CONCLUSIONS OF LAW

There is no doubt the children, born and unborn, of the minor plaintiffs qualify as dependent children under the foregoing definitions, and it is equally clear that there are no exclusionary provisions in the Social Security Act applicable to mothers (or other relatives otherwise qualified to apply for "AFDC") under 18 years of age.

The defendants urge in support of their policy the probable situation of an immature minor mother who is emotionally unequipped to care for her child [4] and assert as a rule of law that a parent's responsibility for the support of his or her unemancipated minor child extends to the offspring of such a child, i. e., the grandparent could apply for "AFDC" benefits as a "relative" within the meaning of 42 U.S.C. § 606(c) of both his minor child and her offspring if all reside in the same household.

However, under the present policy, if the grandparent for whatever reason refuses to apply, or if the minor child chooses to live outside that household, no "AFDC" benefits will be available to the minor child or her offspring. The thrust of the policy is to pressure minor mothers to live in the household of a related adult who in the Department's view would be a more responsible and emotionally stable person.

Such position finds no support in the statute nor can it be logically analogized from controlling decisional law.

To begin with, the infirmity of immaturity is not unique to the young nor does minority automatically nullify the standing of a minor to enforce legal personal and property rights. To be sure the requisite of guardianship may be mandated but not at the expense of the minor's due. The minor mother's right to economic assistance, as statutorily paid to adult mothers, for support of that exquisite possession of a child should stand in no different posture. As the state must cope with immature and emotionally unstable adult mothers so it must with like minor mothers.

In 1967 the United States Supreme Court stated

". . . in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance, under federal AFDC standards violates the Social Security Act and is therefor invalid under the Supremacy clause." Townsend v. Swank, 404 U.S. 282, 286, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); *see also* King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1967); Jefferson v. Hackney, 406 U.S. 535, 545, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972); Carleson v. Remillard, 404 U.S. 1013, 92 S.Ct. 670, 30 L.Ed.2d 660.

The exclusion at bar is not "clearly evidenced from the Social Security Act". The fact that the mother, also a minor, and the dependent child are not living with the child's grandparent is not set forth in the Act as a statutory bar. To the contrary, under 42 U.S.C. § 602(a)(7), *supra,* Congress recognized the supportive role such grandparent or any other household might play by providing, in considering the benefit to be paid, for an accounting of such "other income" and "resources." For "AFDC" purposes the dependent child and mother are a family eligible for benefits if the requisite need exists and such right is in no way altered by the mother's age. The discretionary power of this administrative agency to make individual determinations may at times be inevitable in certain areas of the Social Security Act. However, in going beyond the statute itself it has imposed a subjective standard obliquely encompassing grandchildren

---

4. The defendants presented no evidence for this bald assertion. Conceivably such a situation can and probably does exist from time to time. When it does there is available to the state resources such as set forth in the statute itself, such as the appointment of a guardian and the facility and guidance of the Family Court.

into the household of a grandparent as part of such grandparent's responsibility to the daughter by arbitrarily ignoring the Congressional criteria of eligibility for "AFDC" benefits. This policy engrafts onto the Act a nonexistent age requirement which this Court cannot recognize.

Though basically irrelevant to the narrow issue before the Court, there are infinite social reasons why unwed mothers under 18 years of age should receive these benefits. It is common knowledge that parents experience a severe emotional trauma when they first learn of the pregnancy of their unwed minor daughter. All too often they become vindictive and victimize their child in abuse and shame at a time when the child herself is too distraught to deal with the crises of her pregnancy. This is compounded when there is no financial assistance. With the independence of such support and counseling of the young woman and her family, the trauma of the situation can be eased. It is tragic to place an unwed mother in the inextricable position of a coerced marriage simply because she needs support or freedom from the social ostracism and harassment of her family.[5]

It appears to me it is inescapable the needy minor mother and her child stand independent under the Social Security Act and cannot be denied the same benefits paid to adult mothers. Accordingly it is hereby Ordered as follows:

### ORDER

The policy of the Department of Social and Rehabilitative Services in Rhode Island being inconsistent with the controlling Social Security Act, 42 U.S.C. sec. 602(a)(10) and as cited *supra*, I need not reach the plaintiffs' equal protection claim and therefore, the Rhode Island policy is hereby declared invalid and the defendants, their successors, employees and agents and all other persons acting in concert therewith are permanently enjoined from

A) Refusing to permit plaintiffs to apply for aid to families with dependent children and

B) Refusing to provide plaintiffs and their unborn children with immediate assistance for aid to families with dependent children.

So ordered.

---

5. The foregoing observations were not introduced as part of the record but appear to me to be of such common knowledge as to justify editorial comment.