■ In the Matter of ALFRED HARBOLIC, Appellant, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent Commissioner of the Department of Social Services of the State of New York, dated February 14, 1975 and

made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Westchester County Department of Social Services as to the adequacy of a grant of home relief, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered November 14, 1975, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Section 131-i of the Social Services Law provides that an employed recipient of public assistance may be allowed up to $80 per month as a deduction from his earnings "for expenses necessary and incident to his employment" in determining his net income as a basis for calculating the amount of home relief to be granted. Petitioner, who has $129.20 per month in work-related expenses, argues that section 131-i, as implemented through 18 NYCRR 352.19, violates the equal protection and due process clauses of the New York State Constitution and the Fourteenth Amendment of the United States Constitution. This argument is without merit. The State has an interest in allocating limited public funds in such a way as to meet the needs of the maximum number of needy families and has acted reasonably in imposing the maximum (cf. *Matter of Sigety v Ingraham,* 29 NY2d 110; *Dandridge v Williams,* 397 US 471). The $80 per month figure is reasonable because recent studies have shown that work-related expenses average $75 per month. The inclusion of mandatory payroll deductions as an item of work-related expense is not irrational or unreasonable. Upon proper application such deductions will be held to a bare minimum, and, in any event, petitioner likely will receive back substantially all of the deductions actually taken when he files his income tax returns. Without this maximum deduction ceiling, relief recipients would be free to take jobs which only increase their incomes minimally, while greatly increasing their work-related expenses. The State, by imposing a maximum deduction and thereby encouraging efficient employment, has acted reasonably to obtain the maximum benefit available from a limited fund available to pay work-related expenses. As full and complete relief was available to petitioner through review of the State Commissioner's determination, Special Term properly did not make declarations with respect to the validity of the statute and rule at issue. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.