Rosa Guardiola MARTINEZ et al., Plaintiffs,

v.

James L. TRAINOR, Defendant.

No. 75 C 2603.

United States District Court, N. D. Illinois, E. D.

Nov. 11, 1976.*

* Defendant's appeal was dismissed for lack of timeliness by the Court of Appeals for the Seventh Circuit on April 25, 1977.

Robert E. Lehrer, James D. Weill, Legal Assistance Foundation, Vincent Beckman, Bruce Goldsmith, Migrant Legal Services, Chicago, Ill., for plaintiffs.

William A. Wenzel, Sp. Asst. Atty. Gen., Chicago, Ill., for defendant.

McMILLEN, District Judge.[1]

### DECLARATORY JUDGMENT FOR PLAINTIFFS

This is an action for declaratory and prospective injunctive relief under 42 U.S.C. § 1983 brought by seven mothers under the age of twenty-one and their children, alleging that the Illinois Department of Public Aid ("IDPA"), through its director, the defendant James L. Trainor, has denied them eligibility, or limited the amount of funds they may receive, under the Aid to Families with Dependent Children ("AFDC") program, 42 U.S.C. § 601 *et seq.* It is claimed that these policies violate both the Fourteenth Amendment and certain provisions of the Social Security Act dealing with the AFDC Program.

On January 26, 1976, this court certified a Rule 23(b)(2) class composed of:

---

1. This decision is the product of a legal memorandum prepared by my second year law clerk Thomas E. Johnson.

All persons in Illinois who are eligible for Aid to Families with Dependent Children ("AFDC") and ancillary public assistance benefits as caretaker relatives of needy dependent children and who have been denied such benefits (in whole or in part) or been denied status as caretaker relatives by the Illinois Department of Public Aid ("IDPA") because they are under twenty-one years of age, and the dependent children of such persons.

The court also denied the defendant's motion to dismiss. Each side has now filed a motion for summary judgment supported by exhibits, answers to interrogatories, and admissions. We find that there are no genuine issues of material fact and that plaintiffs are entitled to relief.

## CLASS WAS PROPERLY CERTIFIED

Defendant notes that in April of 1976, there were 759 Illinois mothers or other caretaker relatives under eighteen years of age who had been provided with their own AFDC grant, (Defendant's Answer to Interrogatory No. 5, attached as part of Ex. 2 to Defendant's Answering Memorandum to Plaintiffs' Motion for Summary Judgment filed June 8, 1976). By June of 1976, this number had dwindled to 566, (Defendant's Supplemental Answer to Interrogatory No. 5 filed September 22, 1976). Defendant also points out that a number of the named plaintiffs have now been awarded their own AFDC grants, (Exs. 6–10 to Defendant's Memorandum in Support of His Motion for Summary Judgment, filed June 1, 1976). He explains previous denials of benefits as "misapplications of policy". On the basis of these facts, defendant requests in his memorandum supporting his motion that this court vacate its order certifying the class on the ground that the numerosity requirement of F.R.C.P. 23(a)(1) has not been met.

However, plaintiffs have demonstrated statistically at p. 3–6 of their original Memorandum in Support of Plaintiffs' Motion to Proceed as a Class, filed August 18, 1975, that there are thousands of mothers and other caretaker relative applicants in the statewide class that has been certi-fied. Those 566 persons under eighteen who have been approved as caretaker relatives constitute only a small portion of those who may be affected by this litigation. With respect to the named plaintiffs, the AFDC grants which they have received came only after the present complaint and motions for temporary relief were filed on their behalf. Moreover, regardless of the current status of the named plaintiffs, defendant's general policies, both as to mothers under eighteen and those between eighteen and twenty have been established in the course of discovery and constitute an alleged wrong which is continuing and likely to cause repeated deprivations in the future. As a result, there is no basis for reconsidering the propriety of the class which has been certified. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

## SCOPE OF COURT'S JURISDICTION

Our decision of January 26, 1976 held that this court would first decide plaintiffs' statutory claim in order to see if the case could be resolved without convening a three-judge court to hear plaintiffs' constitutional argument, as required by 28 U.S.C. § 2281. The enactment of PL 94–381 approved August 12, 1976 is not retroactive and does not affect the case at bar. Hence, we must still confine our inquiry to the question of whether the defendant's regulations and policies violate the Social Security Act. Since we find that they do, plaintiffs' constitutional claims become moot.

## THE ISSUE

The Social Security Act requires that a participating state's AFDC plan must provide (42 U.S.C. § 602(a)(10)):

. . . that all individuals wishing to make application for aid to families with dependent children shall have opportunity to do so, and that aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals.

To be eligible for AFDC, a family must include a "dependent child" and a "rela-

tive". A dependent child is defined by 42 U.S.C. § 606(a) as:

a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew or niece, in a place of residence maintained by one or more of such relatives as his or their home, and (2) who is (A) under the age of eighteen, or (B) under the age of twenty-one and (as determined by the State in accordance with standards prescribed by the Secretary) a student regularly attending a school, college, or university, or regularly attending a course of vocational or technical training designed to fit him for gainful employment . . .

The caretaker "relative", which is usually the child's mother, is described in 42 U.S.C. § 606(c):

The term "relative with whom any dependent child is living" means the individual who is one of the relatives specified in subsection (a) of this section [supra] and with whom such child is living (within the meaning of such subsection) in a place of residence maintained by such individual (himself or together with any one or more of the other relatives so specified) as his (or their) own home.

A dependent child is considered to be living with one of the relatives specified in § 606(a) if his home is with such a relative who exercises care and responsibility for the child. 45 C.F.R. § 233.90(c)(1)(v)(B).

The controlling issue in this case is whether the IDPA may further limit those who may serve as "relatives" by adding an age restriction to the statutory definition, by regulation or practice.

## CARETAKER RELATIVE APPLICANTS UNDER 18 YEARS OLD

### The IDPA Policy

Sections PO–905 and PR–905 of the defendant's AFDC Categorical Assistance Manual provide that a mother or other relative under eighteen years old may not serve as a caretaker relative without special administrative approval, (Exs. 1 and 2 to Defendant's Memorandum in Support of Motion for Summary Judgment are copies of the two foregoing regulations; see also Defendant's Response to Request to Admit No. 2 at p. 1 of Plaintiffs' Appendix ("App.") to Plaintiff's Motion for Summary Judgment filed May 10, 1976, for description of IDPA practice). No general instructions or standards have ever been given to the IDPA staff concerning when such special administrative approval may be given. (Defendant's Response to Plaintiffs' Request for Production of Documents at p. 2–6 of Plaintiffs' App.; and Defendant's Answer to Interrogatories No. 7 at p. 20 of Plaintiffs' App.).

As a result, if a mother is under eighteen and lives either independently of or otherwise apart from any of her relatives who are over 18, she will be denied AFDC benefits altogether, absent special administrative approval. Although as of June 1976 there were 566 AFDC cases where a caretaker relative under the age of eighteen had been administratively approved, two of the named plaintiffs (Mitchell and Brewer) and between six and forty-four other AFDC applicants in the month of January 1976 alone were denied benefits altogether on account of the foregoing IDPA policy, (Defendant's Supplemental Response to Interrogatory No. 5; Plaintiff Mitchell's affidavit and supporting documents and Plaintiff Brewer's affidavit at p. 7–12, 17–18 of Plaintiffs' App.; and Defendant's Answer to Interrogatory No. 6 at p. 19 of Plaintiffs' App.).

Where a mother under eighteen resides with her parents or other relative specified in § 606(a), she is similarly ineligible to serve as a caretaker relative, absent special administrative approval. However, she and her child may be included in the AFDC grant of the relative over 18 with whom they live, if such relative is an AFDC recipient, (Defendant's Response to Plaintiffs'

Requests to Admit Nos. 4.1, 4.2, 13.1, and 13.2 at p. 21–22, 32–33 of Plaintiffs' App.; affidavits of Plaintiffs Martinez, Cruz, Jones and other materials at p. 23–29, 36–41 and 57–62 of Plaintiffs' App.; and Director's Decision at p. 30–31 of Plaintiffs' App.). Yet when a mother 18 years old or younger is included in her mother's AFDC grant, the amount of aid received by her is substantially less than would be the case if she were a caretaker relative with her own grant (Defendant's Answer to par. 21 of Plaintiffs' Complaint; affidavit of Plaintiff Dominguez at p. 34–35 of Plaintiffs' App.; and IDPA Regulation PR–615 at p. 43–45 of Plaintiffs' App.). If the relatives with whom the young mother lives do not receive AFDC, but are responsible under state law for her support, she will be entirely denied AFDC assistance, regardless of the extent to which the relatives fulfill their duty of support, (affidavit of Shawn Christ at p. 66–68 of Plaintiffs' App.; and Request for Interp. of IDPA Policy at p. 63–64 of Plaintiffs' App.).

### The IDPA Policy is Violative of §§ 602(a)(10), 606(a)(c) of the Social Security Act

#### 1. State Eligibility Criteria Must Conform To Federal Standards

The Supreme Court has held on a number of occasions that states participating in the AFDC program may not impose eligibility criteria which are inconsistent with those set out in the Social Security Act and thereby exclude otherwise eligible persons from AFDC. *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Carleson v. Remillard*, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972).

■ Nor may a state, on the basis of criteria inconsistent with the Social Security Act, reduce the benefits which would otherwise be received under AFDC. *Van Lare v. Hurley*, 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975) (New York policy of reducing share of AFDC benefits used for rent when nonlegally responsible adult resides in home held inconsistent with § 606(a) on account of the implicit and

incorrect assumption that nonlegally responsible adult will necessarily contribute to child's needs and thereby partially supplant the purpose of AFDC monies); *Shea v. Vialpando*, 416 U.S. 251, 94 S.Ct. 1746, 40 L.Ed.2d 120 (1974) (Colorado regulation limiting AFDC recipients to maximum deduction of $30 per month of work-related expenses from income in order to determine eligibility for benefits held inconsistent with § 602(a)(7) allowing deduction of any reasonable work-related expenses).

#### 2. IDPA Age Requirement is Inconsistent with Social Security Act

Three courts have dealt with the precise issue presented in the case at bar. Each has held that a state policy which prohibits an otherwise eligible mother or other relative responsible for the day-to-day care of a needy child from serving as a caretaker relative under the AFDC program solely on account of the fact that she or he is a minor is inconsistent with §§ 602(a)(10) and 606(a) and (c) and thus invalid. *Roe v. Ray*, 407 F.Supp. 351 (N.D.Ia.1976); *Lund v. Affleck*, 388 F.Supp. 137 (D.R.I.1975); and *Doe v. Rampton*, (D.Utah No. C–74–71, April 4, 1974) (copy of opinion attached to Plaintiffs' letter dated August 9, 1976).

■ This is clearly the correct result. Nothing in the Social Security Act, its legislative history or the Supreme Court's previous construction of the terms "parent" or "mother", as used in § 606, indicate they are to be accorded anything other than their normal meanings. Moreover, the defendant's policies at issue herein result in affording children different amounts of aid based upon a consideration entirely independent of their need and dependency, thus contravening the fundamental purpose of the AFDC program, i.e., the protection of needy children. See *King v. Smith, supra,* p. 444, 392 U.S. at 325, 88 S.Ct. 2128; *Lewis v. Martin*, 397 U.S. 552, 559, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970).

Defendant responds by noting that 45 C.F.R. § 233.10(a)(1)(ii)(B) allows a state to impose conditions upon the receipt of public

assistance which further an independent state welfare policy. This Regulation provides in pertinent part:

A State may: . . . (B) Impose conditions upon applicants for and recipients of public assistance which, if not satisfied, result in the denial or termination of public assistance, if such conditions assist the State in the efficient administration of its public assistance programs, or further an independent State welfare policy, and are not inconsistent with the provisions and purposes of the Social Security Act.

■ In the defendant's view, the policies at issue are designed: 1) to insure that minor mothers are capable of managing a public assistance grant; 2) to reduce unnecessary welfare expenditures where a minor mother resides with older relatives receiving AFDC and is thereby able to share certain resources; and 3) to maintain family unity by encouraging minor mothers to stay with their older relatives and avoiding additional illegitimate pregnancies at an early age.

However, the regulation relied on by defendant is inapposite to the policies at issue. First, it specifies that the conditions involved must not be inconsistent with the provisions and purpose of the Social Security Act. Such is not the case with the IDPA's age requirement. Furthermore, the present policies do not involve the conditioning of AFDC assistance upon the applicant's performance of particular actions, but rather upon a status, i.e. the applicant's age, which cannot be altered by the applicant. In other words, the condition is incapable of satisfaction and thus not the type of condition envisioned by the regulation defendant has invoked.

■ Although the goals advocated by the defendant may be proper concerns for a welfare department, other available tools are capable of squarely addressing the particular problems he raises. If a young mother is too immature to handle an AFDC grant, the payments may be made to a "protective payee" under 42 U.S.C. § 606(b) rather than denying or reducing the bene-fits available for the mother and her child. If a minor mother lives with relatives and thereby shares certain resources otherwise unavailable to her, then her benefits should be reduced by an amount which reflects the actual savings, as is required by 42 U.S.C. § 602(a)(7). Defendant's contention that the department's policy fosters family unity rings hollow for those members of the plaintiff class whose older relatives either do not want them or are non-existent. Finally, the thought that illegitimate pregnancies might be reduced cannot serve to justify the policy, for in *King v. Smith, supra* p. 444, the Court has clearly condemned state regulations which reduce benefits for dependent children in order to affect their mother's conduct (392 U.S. at p. 320–27, 88 S.Ct. 2128).

### 3. IDPA's Provision for "Special Administrative Approval" Cannot Save the Policy at Issue

Because 42 U.S.C. §§ 602(a)(10), and 606(a) and (c) require an AFDC grant for all mothers or other designated relatives who are exercising responsibility for the day-to-day care of dependent children, there is no room for a selective "special administrative approval" policy with respect to mothers under eighteen. See *Godfrey v. Stanton*, (N.D.Ind. No. F–75–50, 1975) (Indiana regulation that set maximum limit on work-related child care costs which could be deducted from AFDC applicant's income to determine eligibility was not rendered valid by amendment authorizing exceptions to such maximum under unspecified circumstances) (copy of decision at p. 69–71 of Plaintiffs' App.).

Plaintiffs have also alleged that defendant's "special administrative approval" scheme is arbitrarily administered on account of a lack of standards governing its application. The absence of such standards violates the plaintiffs' right to due process under *White v. Roughton*, 530 F.2d 750 (7th Cir. 1976). However, we need not rely on this contention, since the very existence of the special exceptions policy is inconsistent with the Social Security Act.

## CARETAKER RELATIVE APPLICANTS BETWEEN 18 AND 20 YEARS OLD

During the course of discovery, defendant has insisted that under IDPA's policy, an 18–20 year old mother may apply for caretaker relative status and obtain her own AFDC grant under the same rules as govern mothers 21 years or older (Defendant's Responses to Requests to Admit Nos. 8.1–10.2; Defendant's Answers to Interrogatories 2–4; and Defendant's Response to Second Request to Admit Nos. 4.1–5.2, attached as parts of Exs. 1–3 to Defendant's Answering Memo to Plaintiffs' Motion for Summary Judgment). However, plaintiffs have submitted, through IDPA documents and affidavits, three cases in which 18–20 year old mothers were denied AFDC benefits altogether or were forced to participate in their mother's grant, (affidavits and other materials concerning cases of Maria Rodriguez, Carmen Dominguez and Lorraine Green at p. 110–118 of Plaintiffs' App.). Defendant recognizes that in certain isolated cases, applicants may have been denied full AFDC grants, but if this occurred, he contends that the action was erroneous, (Defendant's Response to Request to Admit Nos. 8.2, 9.2 and 10.2; and Defendant's Response to Second Request to Admit Nos. 4.2 and 5.2, attached as parts of Exs. 1 and 3 to Defendant's Answering Memo to Plaintiffs' Motion for Summary Judgment).

Plaintiffs attribute these errors to the ambiguity of certain IDPA regulations. Specifically, they point to:

—*PO–310.2* which precludes an individual who is "unqualified by reason of age" from filing an application for her own AFDC grant; and *AH–CAI # 3*, (copy at p. 46–48 of Plaintiffs' App.) which specifies that one of the standard form reasons for denial of an AFDC application is that "age requirements are not met".

Plaintiffs note that neither of these regulations indicate what these age requirements are. Defendant concedes that these regulations simply serve to effectuate the department's policy with respect to mothers under 18, as set out in PO–905 and PR–905.

—*PO–515* and *PR–515*, (copy at p. 49–56 of Plaintiffs' App.), which instruct caseworkers that parents are legally responsible for the support of their children until they reach the age of 21, unless the child is over 18 and has established "a consistent pattern of independent living".

These two regulations describe the procedures utilized to enforce support, but do not explain that AFDC cannot be denied to a minor applicant where her parents are unable or unwilling to provide support.

Plaintiffs maintain that these regulations on their face and/or when applied to deny AFDC benefits to otherwise eligible mothers between 18–20 years of age violate 42 U.S.C. §§ 602(a)(10), and 606(a) and (c). To the extent that PO–310.2 and AH–CAI # 3 are designed to implement the unlawful 18 year-old requirement of the IDPA, as the defendant himself indicates, they are inconsistent with the Social Security Act and must be held invalid as applied.

■ The defect in PO–515 and PR–515 is one of ambiguity on the face of the regulations, rather than a clear conflict with the Social Security Act. Yet, defendant is under a duty to see that all eligible applicants receive the AFDC benefits to which they are entitled. 42 U.S.C. § 602(a)(10). Also under 45 C.F.R. § 206.10(a)(12), he is obliged to:

> establish and maintain methods by which [he] shall be kept currently informed about local agencies' adherence to the State plan provisions and to the State agency's procedural requirements for determining eligibility, and [he] shall take corrective action when necessary.

Moreover, our Circuit has held that a Federal court has a responsibility to see that centrally-developed administrative policy is effectively communicated to agency staff in local offices. See *Taylor v. United States*, 528 F.2d 60, 64–65 (7th Cir. 1976) (case remanded to district court to see that change in regulation was effectively communicated to local staff). Consequently, PO–310.2, AH–CAI # 3, PO–515 and PR–515 are held to be violative of the Social Security Act until amended to show clearly that mothers and other caretaker relative

applicants may not be denied AFDC grants on account of their age and consequent status as the objects of their parents' legal duty of support.

Defendant is granted thirty (30) days to conform their regulations to this judgment and to notify plaintiffs thereof. If no appropriate action is taken within that period of time or if defendant indicates a refusal to so conform, plaintiffs are ordered to serve and file a proposed injunction order which will be considered when noticed up by plaintiffs.