Robert C. Williams, J.
Petitioner proceeds by CPLR article 78 for a judgment reversing the fair hearing decision herein and granting petitioner’s application for public assistance.
Petitioner is a 17-year-old emanicipated minor who is the mother of a two-month-old son. Petitioner applied, on September 22, 1976, for a grant of aid to dependent children (ADC) to the respondent Sullivan County Department of Social Services. The application was denied and a fair hearing was held on September 28, 1976. After said fair hearing, the determination of the respondent was upheld because it was found that petitioner’s mother, who resides in Allentown, Pennsylvania, was willing and able to support petitioner and her child in her home and that therefore, petitioner had failed to utilize this available resource by returning to her mother’s home.
Petitioner contends that, as an emancipated minor, she has a right to public assistance in her own right and that respondents may not require her to live with her mother. Petitioner also contends that under no circumstances may aid be denied to her infant son.
*1077 Petitioner relies on 18 NYCRR 349.5 (a) which provides: "A grant of public assistance or care may be made to an emancipated minor in his own right if he is otherwise eligible. For this purpose, emancipated minor means a person over 16 years of age who has completed his compulsory education, who is living separate and apart from his family and is not in receipt of or in need of foster care.”
Petitioner contends that she satisfies the requirements of the definition and thus should receive assistance in her own right. However, this court notes that said section provides for discretionary rather than mandatory aid, and then only if the applicant is "otherwise eligible.”
Respondents contend that petitioner is not "otherwise eligible” since petitioner’s mother is willing and able to provide a home for her. Section 101 of the Social Services Law states that a parent of a recipient for public assistance shall be responsible for the support of such recipient. 18 NYCRR 352.23 (a) provides as follows: "Resources shall be so utilized as to eliminate or reduce the need for public assistance, rehabilitate the client and conserve public funds through assignment and recovery. Applicants and recipients shall generally be required to utilize available resources and to apply for and otherwise pursue potentially available resources.”
It appears to this court the respondents’ determination as to petitioner is not unreasonable and is consistent with the intent of the above-cited regulation. The petitioner’s mother’s home, where she previously resided is an available resource which petitioner should be required to utilize before she is eligible for assistance in her own right. Such a finding has the effect of eliminating the need for public assistance, and conserving public funds. (Harbolic v Berger, 53 AD2d 643.)
Petitioner points to cases in which attempts to deny public assistance to minors in their own right were struck down because of a blanket policy to deny such aid based solely on an age requirement. Herein, however, petitioner was denied assistance not because she was underage but because she refused to return to her mother’s home. Under the instant fact situation, such a requirement cannot be deemed invalid.
Respondents’ determination was erroneous, however, in respect to the denial of aid to petitioner’s infant son. The law is settled that a grandparent cannot be held responsible for a grandchild’s support. (Matter of Lenti v Lenti, 48 Misc 2d *1078 206.) Thus, the infant son cannot be denied aid because of petitioner’s refusal to return to her mother’s home. A parent’s misconduct may not be held as the basis of denying aid to a child. (Matter of Zabala v Lavine, 48 AD2d 880.)
Accordingly, the petition is granted only to the extent that that portion of the determination denying assistance to petitioner’s infant son is reversed and annulled and respondents are hereby ordered to accept said infant son for public assistance. The relief sought as to petitioner in her own right is denied. As was stipulated to between the parties, this decision is without prejudice to petitioner’s right to review the fair hearing determination herein on substantial evidence grounds, due to the present unavailability of the transcript of said hearing. [Affd 57 AD2d 687 (18).]