■ In the Matter of JENNIFER EDWARDS, on Behalf of Herself and Her Infant Child, Appellant, v ROBERT B. TRAVIS, as Commissioner of the Sullivan County Department of Social Services, et al., Respondents.—Appeal from so much of a judgment of the Supreme Court at Special Term, entered December 3, 1976 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's application for public assistance. Petitioner is an unmarried emancipated child under the age of 21 years who sought public assistance for herself and her infant child. Special Term has directed payment for the benefit of the infant and there is no appeal from that portion of its judgment. However, petitioner's individual application was rejected by respondents on the ground that although her mother, a person responsible for her support and a resident of Allentown, Pennsylvania, was willing and able to support her, petitioner had failed to pursue this potentially available resource (Social Services Law, § 101, subd 1; 18 NYCRR 352.23). Special Term has denied petitioner's article 78 challenge to that ruling and the issue presented on this appeal is whether respondents improperly refused to extend benefits to her. We think not. An emancipated minor over 16 years of age may receive public assistance in her own right if she is "otherwise eligible" (18 NYCRR 349.5 [a]). This provision must be read together with the requirements of parental support in subdivision 1 of section 101 of the Social Services Law and the general policy regulations set forth in 18 NYCRR 352.23. Assistance from her mother was plainly available and petitioner failed to adequately demonstrate that it was either insufficient or pointless to pursue it. The choice of how petitioner attempts to obtain that support or show its inadequacy rests solely with her and does not mandate a return to her mother's residence as the only alternative. Respondents' interpretation that the applicable statutory provisions and regulations promulgated thereunder did not contemplate the grant of public assistance to one who has not diligently explored such avenues of parental support is entirely reasonable and we find nothing arbitrary or capricious

about it *(Matter of Howard v Wyman,* 28 NY2d 434). Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur. [89 Misc 2d 1076.]