Domenic LUND, Plaintiff, Appellee,

v.

John J. AFFLECK et al., Defendants,
Appellants.

Doris PALMIERI et al., Plaintiffs,
Appellees,

v.

John J. AFFLECK, Defendant,
Appellant.

INMATES OF the BOYS' TRAINING
SCHOOL et al., Plaintiffs, Appellees,

v.

Bradford E. SOUTHWORTH et al.,
Defendants, Appellants.

Nos. 78–1031, 78–1033 and 78–1073.

United States Court of Appeals,
First Circuit.

Submitted Sept. 9, 1978.

Decided Nov. 21, 1978.

Julius C. Michaelson, Atty. Gen., Harold E. Krause, and Forrest L. Avila, Sp. Asst. Attys. Gen., Providence, R. I., on brief for appellants.

Jean A. Musiker, Alden C. Harrington, and William Rutzick, Providence, R. I., on brief for appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

 These are appeals from district court orders awarding fees to attorneys in compensation for their services in three successful actions brought under 42 U.S.C. § 1983 for injunctive and declaratory relief.[1] Defendants-appellants originally raised five objections to the award. One of these, however,—the argument that the Eleventh Amendment bars a fees award against state officials acting in their official capacities—is no longer tenable in light of *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Another objection is foreclosed by a recent ruling of this circuit. We have held that legal services organizations may recover fees under the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988 (the "Fees Act"). *Perez v. Rodriguez Bou,* 575 F.2d 21, 24 (1st Cir. 1978); *see Reynolds v. Coomey,* 567 F.2d 1166, 1167 (1st Cir. 1978).

 A third objection is that attorneys' fees may not be awarded under the Fees Act in *Lund* and *Palmieri* because in those cases plaintiffs did not prevail under the federal Civil Rights Act but upon a pendent nonconstitutional statutory claim.[2] This

---

**1.** The § 1983 litigation sought an injunction ordering compliance with a 1973 consent decree concerning the treatment of youths incarcerated at the Rhode Island Boys' Training School, *Inmates of Boys' Training School v. Southworth,* 76 F.R.D. 115 (D.R.I.1977), and challenged the administration of Rhode Island's Aid to Families with Dependent Children

(AFDC) program, *Lund v. Affleck,* 388 F.Supp. 137 (D.R.I.1975); *Palmieri v. Affleck,* C.A. No. 74–69 (D.R.I. Jan. 7, 1975).

**2.** Plaintiffs in *Lund* and *Palmieri* alleged that the state's welfare policy violated their fourteenth amendment rights and conflicted with various provisions of the Social Security Act, 42 U.S.C. §§ 601–644. The district court held

objection might have substance were it demonstrated that the federal claim in the case had only a tenuous relationship to the claim on which plaintiffs prevailed. The district court, however, analyzed the law and facts properly. It made the award only after first determining that the § 1983 claim was substantial and that the successful pendent claim arose from the same nucleus of facts. The legislative history of the Fees Act supports the awarding of fees in such circumstances. H.Rep.No.1558, 94th Cong., 2d Sess. 4 n.7 (1976) U.S.Code Cong. & Admin.News 1976, pp. 5908, 5911. Indeed, since courts often by-pass constitutional issues when a case can be disposed of on statutory grounds, it could well be unfair to attach controlling weight to the particular claim upon which relief is granted. We concur in the court's analysis. 442 F.Supp. 1109, 1112–14. *Accord, Seals v. Quarterly County Court,* 562 F.2d 390, 393–94 (6th Cir. 1977); *Bond v. Stanton,* 555 F.2d 172, 174 (7th Cir. 1977).

Defendants argue that plaintiffs may not recover attorneys' fees for time spent establishing their rights to fees for their work in the original § 1983 litigation. In this case, they argue, plaintiffs' request for fees did not conform to the standards enunciated in *King v. Greenblatt,* 560 F.2d 1024, 1026–27 (1st Cir. 1977), *cert. denied,* —— U.S. ——, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978), and had to be challenged lest defendants' counsel "have seemed neglectful of their clients' proper interests." They point out that their challenge led to a stipulation substantially reducing the fees assessed. Defendants raise the spectre of prevailing parties submitting exorbitant claims to fees and presenting losing parties with the "Catch 22" choice between acceding to the demand or incurring still greater expenses by voicing their legitimate objections.

The district court rejected this argument on the grounds that the legislative history of the Fees Act indicates that fees are to be awarded when a party prevails through a consent judgment or through informal means and that a stipulation normally is not taken as an admission. 442 F.Supp. at 1118. Reliance on the stipulation may have saved both parties considerable time and effort, and no evidence has been presented that the original, higher time data was not submitted in good faith.[3]

This is an issue on which we think we must rely on the district court's sound judgment, there being no evidence of clear excess or bad faith. It would be inconsistent with the purpose of the Fees Act to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee. *Accord, Prandini v. National Tea Co.,* 585 F.2d 47, 53 (3d Cir. 1978); *see Souza v. Southworth,* 564 F.2d 609, 614 (1st Cir. 1977). On the other hand, if the attorney's initial claims are exorbitant, or the time spent advancing them unreasonable, the district court should refuse the further compensation. The same point we have emphasized in all fee situations applies here: it is not enough for the court to multiply a fixed rate by the number of hours claimed. The court must satisfy itself of the *overall fairness and reasonableness* of the fee under all circumstances. We see no abuse of discretion on the present record.

Defendants' remaining claim is that the district court erred in finding $55 per hour in *Palmieri* and *Inmates of Boys' Training School* and $60 per hour in *Lund* to be reasonable rates for attorneys' fees. This court has questioned the billing of

---

that the state law in question was preempted by the Social Security Act and therefore declined to reach the constitutional issue. Federal jurisdiction over the constitutional claim was based on 28 U.S.C. § 1343. The statutory claim was taken on the basis of pendent jurisdiction. 442 F.Supp. 1109, 1113.

**3.** The fact that the original request required some revision in light of *King v. Greenblatt,* 560 F.2d 1024 (1st Cir. 1977), *cert. denied,* —— U.S. ——, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978), issued just one month before plaintiffs submitted affidavits in support of their fee request, does not imply that it was not filed in good faith.

every hour at the same rate, *Souza,* 564 F.2d at 613, *King,* 560 F.2d at 1027–28; and in *Souza* we reduced a fee for appellate work to $50 per hour while expressing some doubt as to an award of $60 per hour for district court work in the same case, 564 F.2d at 613–14. As a general rule, however, "What constitutes a reasonable attorney's fee in a particular case shall rest within the sound discretion of the district court." *King,* 560 F.2d at 1026. In this case, the district court undertook to follow the standards set forth in *King* and *Souza* in a carefully considered opinion. 442 F.Supp. at 1115–18. We cannot overlook the fact that, with inflation, the value of the dollar has eroded since 1973. We cannot say that the district court committed clear error in its factual findings or that, overall, the amounts awarded constitute in these circumstances an abuse of discretion.

*The orders of the district court are affirmed.*