■ In the Matter of MARIA REYES, Petitioner, v BARBARA BLUM, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents. — Determination unanimously confirmed, without costs. Memorandum: In a proceeding transferred to this court pursuant to CPLR 7804 (subd [g]), petitioner seeks review of a determination of the State Commissioner of Social Services which affirmed the local agency's denial of petitioner's application for public assistance, but ordered the local agency to provide a grant of assistance for petitioner's child. The fair hearing was held on October 23, 1979, at which time petitioner was 17 years of age and the unmarried mother of a one-year-old child. On July 15, 1979 petitioner moved into her own apartment with her child. Prior thereto she and her child, along with petitioner's four brothers and a sister, resided with petitioner's mother, a recipient of public assistance in the ADC category. When petitioner moved out of her mother's home, her mother's grant for petitioner and the latter's child was discontinued. Although petitioner claims that she left her mother's home because it was overcrowded, it appears that petitioner and her child had exclusive use of one bedroom. At the fair hearing, petitioner's mother testified that she was willing to receive petitioner back into her home, and both petitioner and her mother testified that neither would experience any difficulty if petitioner were to return home. Petitioner contends that the State commissioner's determination that she failed to utilize an available resource (see 18 NYCRR 352.23 [a]) based on the mother's duty to support her until the age of 21 (see Social Services Law, § 101, subd 1) created a condition of eligibility (age requirement) which is in conflict with the Social Security Act. We disagree. Both the commissioner's determination and the provisions of 18 NYCRR 352.23 (a) are in harmony with title 42 ( § 602, subd [a], par [7]) of the United States Code. The commissioner's determination does not establish any age requirement for eligibility. It is premised upon the availability of a resource. Although the resource springs from a parent's duty to

support, the age factor is merely an incident of that duty. Nor may it be said that the commissioner's determination unconstitutionally discriminates against applicants under 21 years of age; the duty of availing of resources being required of all (US Code, tit 42, § 602, subd [a], par [7]; 18 NYCRR 352.23 [a]). Thus petitioner's failure to utilize an available resource was a proper basis for denial of her application (see *Matter of Edwards v Travis,* 89 Misc 2d 1076, affd 57 AD2d 687, mot for lv to app den 42 NY2d 805; cf. *Matter of Owens v Buscaglia,* 71 AD2d 806). Petitioner also argues that the finding that petitioner's mother's home was not overcrowded is not supported by substantial evidence. The argument is based upon the failure of respondent Richardson to have made a separate investigation of the mother's home (see 18 NYCRR 369.2 [d] [1]). In the circumstances of this case, an independent investigation was not necessary. There is ample evidence that respondent Richardson was well aware of the condition of the home and the number of its occupants. The conclusion that the home was not overcrowded is supported in the evidence. (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present — Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.