637 P.2d 52

**Mara MELTON, Plaintiff-Appellant,**

v.

**NEW MEXICO DEPARTMENT OF HUMAN SERVICES, Defendant-Appellee.**

**No. 5204.**

Court of Appeals of New Mexico.

Nov. 5, 1981.

Catherine Aguilar, Northern New Mexico Legal Services, Inc., Santa Fe, for plaintiff-appellant.

Jeff Bingaman, Atty. Gen., Richard Shapiro, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

OPINION

WALTERS, Chief Judge.

Plaintiff, seventeen years old at the time, applied for Aid to Families with Dependent

Children (AFDC) benefits for herself and her unborn child. The New Mexico Department of Human Services (HSD) refused to include her in the "budget group" for the first three months (until she reached her eighteenth birthday), but granted benefits promptly for the expected child. Plaintiff appeals. She does not attack the procedures of the fair hearing or the form of the decision rendered. *Compare* with *Tapia v. New Mexico Dept. of Human Services*, (Ct. App.) 20 N.M.S.B.B. p. 1087, filed July 14, 1981. She contends the decision was arbitrary, capricious and an abuse of discretion; and that the State standards applied by HSD conflict with and are more restrictive than applicable federal statutes and regulations. We do not agree, and affirm.

When plaintiff made her application on January 15, 1981 she was living independently from her mother, who refused to support her. She was asked to assign, by appropriate HSD form, any support rights that she might have had from any source. She did so, but subsequently voided the assignment. Because of plaintiff's withdrawal of the assignment of support rights, her caseworker notified her that her needs would not be included in determining the amount of AFDC benefits to be paid through HSD.

Plaintiff requested and was granted a fair hearing regarding the caseworker's notification. Following the hearing, the Hearing Officer concluded that plaintiff was not emancipated according to § 221.-81(A) of HSD's Income Support Division regulations; that she was therefore entitled to support from her mother, and that the action by the caseworker should be upheld. The HSD regulation concerning emancipation is not directed toward parents of dependent children for whom AFDC benefits are sought, but rather applies to dependent children themselves. However, despite the frequency of argument referring to emancipation, by both parties, that is not the question before this Court in this appeal.

The standard of review to be followed is found at § 27-3-4, N.M.S.A.1978. Decisions of the Human Services Department shall be set aside only if the court finds them to be:

(1) arbitrary, capricious or an abuse of discretion;

(2) not supported by substantial evidence in the record as a whole, or

(3) otherwise not in accordance with law.

As a general proposition, we are required to review "the entire record in the light most favorable to HSD." *New Mexico Human Services Dept. v. Garcia*, 94 N.M. 175, 608 P.2d 151, 153 (1980).

Federal regulations, under which AFDC funds are made available to the State, are clear regarding an applicant's assignment of all support rights:

(a) The State plan must provide that:

(1) As a condition of eligibility for assistance, each applicant for or recipient of AFDC shall assign to the State any rights to support from any other person as such applicant or recipient may have:

(i) In his own behalf or in behalf of any other family member for whom the applicant or recipient is applying for or receiving assistance; and

. . . .

(2) If the relative with whom a child is living fails to comply with the requirements of paragraph (a)(1) ... of this section, *such relative shall be denied eligibility without regard to other eligibility factors.* (Emphasis added.)

45 C.F.R. § 232.11 (1980).

The State regulations are equally clear. Section 221.81(B)(5) of the Income Support Division regulations reads:

In the case where the other parent of the child(ren) is absent from the home, the parent assigns to the Human Services Department all existing rights to support on his/her own behalf and on behalf of the dependent child(ren) included in the budget group (to make such assignment, the parent must affirmatively answer and sign the Statement of Assignment incorporated into the Form 201 or 201–A indicating the assignment has been made, or the Form ISD–208, Assignment of Support Rights.)

Section 221.81(B)(6) of the State's plan provides that any "relative who refuses to assign ... is not eligible for inclusion in the grant" which is provided for the "parent or other caretaker-relative" under 45 C.F.R. § 233.10(b)(2)(ii)(b) (1980). Section 221.-81(B)(6) fulfills the eligibility requirements of the federal regulations, *supra.*

Plaintiff was asked to execute the assignment in order that HSD could attempt to collect support which it maintained was due plaintiff from her mother. The record shows that after benefits for plaintiff were denied initially, plaintiff went to the hearing accompanied by a client advocate who had advised her to void the assignment because, in the advocate's opinion, plaintiff was an emancipated minor who was owed no duty of support from her mother. We do not decide whether plaintiff was or was not emancipated, or whether her mother was or was not obligated to support her. That is a question another court would decide, if and when HSD should move to collect support from plaintiff's mother on the strength of the assignment plaintiff was required to give to HSD in order to obtain benefits for herself.

Our question for decision is whether plaintiff was eligible for inclusion in the budget group absent her assignment of whatever support rights she might have been entitled to from any source. The plain language of the pertinent federal and State regulations specifically condition eligibility for AFDC benefits for the parent or caretaker of a dependent child upon the parent's or caretaker's assignment to the State of any and all support rights. In failing or refusing to comply with the assignment requirement, plaintiff disqualified herself and invited denial of benefits available for herself. 45 C.F.R. § 232.11(a)(2), *supra.* Although HSD erroneously based its decision on conclusions that plaintiff was not emancipated and, therefore, was entitled to parental support that should have been assigned to the State, HSD nevertheless reached the only proper result under State and federal law and regulations. A correct decision will not be reversed because the result was reached for a wrong reason.

*United Nuclear v. General Atomic Co.,* 93 N.M. 105, 597 P.2d 290 (1979); *H. T. Coker Const. Co. v. Whitfield Transp., Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct.App.1974).

Whether a minor (if plaintiff should be determined to have been an unemancipated minor at the time of her application for benefits) lacks capacity to assign and may void an assignment agreement without sanction, also argued by plaintiff, is likewise not an issue on appeal. We note, however, a frustrating inconsistency in the contention that because plaintiff was an emancipated minor, she did not have support rights from her mother to assign; yet, if she were not emancipated, she could not, as a minor, be held to a voidable assignment. But this appeal is not concerned with whether or not HSD would or could enforce a collection of support by reason of any assignment obtained from a minor applicant. The sole question is whether an applicant may refuse to comply with regulations requiring assignment of support rights and still maintain her eligibility for AFDC benefits. We hold that under the eligibility requirements of the AFDC law, she may not.

The decision of HSD is affirmed.

DONNELLY, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

I dissent for the reasons set forth in *Tapia v. Human Services,* No. 4901, decided July 14, 1981, certiorari granted August 28, 1981, which was the basis for my dissent in *Martin v. Human Services,* No. 4846, decided August 4, 1981, certiorari granted August 28, 1981. The Fair Hearing Decision rendered by the New Mexico Department of Human Services is void.

I also dissent because the Fair Hearing Decision is arbitrary, capricious and otherwise not in accordance with law. *Roe v. Ray,* 551 F.2d 241 (8th Cir. 1977); *Martinez v. Trainor,* 435 F.Supp. 440 (D.C.Ill.1976); *Lund v. Affleck,* 388 F.Supp. 137 (D.C.R.I.

1975); *Allen v. Hettleman*, 494 F.Supp. 854 (D.C.Md.1980). *Contra, Reyes v. Blum*, 78 A.D.2d 1001, 433 N.Y.S.2d 912 (1980).

In *Lund* the court said:

The minor mother's right to economic assistance, as statutorily paid to adult mothers, for support of that exquisite possession of a child should stand in no different posture. As the state must cope with immature and emotionally unstable adult mothers so it must be with like minor mothers. [388 F.Supp. 141.]

Social reasons were also set forth why unwed mothers under 18 years of age should receive these benefits.

"If a young mother is too immature to handle an AFDC grant, the payments may be made to a 'protective payee' under 42 U.S.C. § 606(b) rather than denying or reducing the benefits available for the mother and her child." *Martinez* [435 F.Supp. 445].

The decision stated:

The client does not meet the criterion of emancipation pursuant to Department regulation 221.81.

Emancipation is not mentioned as a factor in the eligibility of the parent or caretaker relative as found in § 221.81(B)–(E); it is only mentioned in determining the eligibility of dependent children. Miss Melton does not seek the status of a dependent child. She seeks eligibility as a parent or caretaker relative of a dependent child. She meets the eligibility requirements of a parent of a dependent child and should, therefore, be included in the budget group for that child.

To deny a 17 year old pregnant minor unwed mother who may become 18 years of age when the child is born, and grant assistance to an 18 year old adult unwed mother who is pregnant, challenges reason and common sense. It also challenges the sociological aspects of the Social Security Act.

The Fair Hearing Decision should be reversed.