Dorothy COLLINS, on behalf of her minor children, James Collins, Dorothy Collins and Warren Collins, Plaintiffs,

v.

Denver L. WHITE, Director of the Department of Public Welfare, State of Ohio

and

Steven Minter, Director of the Cuyahoga County Welfare Department, Defendants.

No. C 69–830.

United States District Court, N. D. Ohio, E. D.

Nov. 12, 1970.

Supplemental Opinion Feb. 24, 1970.

Gregory B. Taylor, Cleveland, Ohio, for plaintiff Collins.

Paul W. Brown, Atty. Gen., Columbus, Ohio, for defendant White.

Jeffrey L. Kocian, Asst. County Pros., Cleveland, Ohio, for defendant Minter.

### MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

Plaintiffs have presented three motions for consideration by the Court. The first motion prays that a three-judge court be convened pursuant to 28 U.S.C.A. § 2281 and § 2284 to hear this case. The second is a motion that the Court order this action to be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure. The third is plaintiffs' request for a preliminary injunction pending final ·decision on the merits.

The action is one seeking injunctive relief restraining the defendants from enforcing and executing § 452.1 of the Public Assistance Manual of the Ohio Department of Public Welfare. Plaintiffs allege that the operation of the regulation violates federal constitutional and statutory provisions.

Mrs. Collins and two children receive social security (O.A.S.D.I.) benefits. A third child was born who was not eligible to receive benefits. Mrs. Collins went to the State Department of Public Welfare for assistance for this third child. Under § 452.1, the Welfare Department's practice is to "deduct all available income for each member of the family unit" before determining how much aid is needed. The State Department of Public Welfare viewed O.A.S.D.I. benefits payable to the two children as "available income" to the third child and denied assistance.

Mrs. Collins alleges that because she is forced to utilize O.A.S.D.I. funds for the third child, the legally designated beneficiaries are being deprived of property without due process. In addition, plaintiff alleges she is being forced to violate 42 U.S.C.A. § 408(e), which makes it a crime to convert part of an O.A.S.D.I. payment for use and benefit of one other than the beneficiary.

This Court has jurisdiction under 28 U.S.C.A. § 2201 and 28 U.S.C.A. § 1343 (3).

Upon consideration of the complaint and memorandum filed therewith, the Court finds that the case presents substantial federal questions. Section 452.1 is a state statutory regulation. 28 U.S.C.A. § 2281 requires that a three-judge district court be convened to consider cases of enjoining enforcement of state statutes. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Therefore, it is ordered that a three-judge district court be convened.

Regarding the prayer for preliminary injunction, the Court reserves ruling on this pending hearing by a full court. The Court does not have sufficient facts before it to know what the impact would be if Section 452.1 were suspended. Determination of whether or not this action may be maintained as a class action pursuant to Rule 23, F.R.C.P., likewise is reserved pending consideration of the issues by the full court.

## MEMORANDUM OPINION AND RULING ON VARIOUS MOTIONS

On November 12, 1969, the Court noted its jurisdiction in this action and granted plaintiffs' motion to convene a three judge court. The Court reserved ruling on the motion for preliminary injunction and on the motion to maintain this action as a class action, pending hearing by a full court.

Subsequent to the Court's memorandum and order, defendants filed their answers, defenses, and memoranda in opposition to the motion. After consideration of these arguments, the Court will not disturb its finding of jurisdiction or its order to convene a three judge court. The other motions still pending are now ripe for hearing. Therefore, the Chief Judge of the Sixth Circuit Court of Appeals is presently being requested to designate a three judge court, and a hearing shall be convened as soon as practicable.

Plaintiffs' motion for leave to file a supplemental memorandum of law, filed December 23, 1969, is granted.

Plaintiffs' motion for summary judgment must be overruled at this time. The legal issues involved in this action are novel and complex, and therefore a judgment on the briefs would be highly inappropriate.

Upon designation of a three judge court, this case shall come on for hearing.