Re Myrtle **HOWARD**, etc., et al.

v.

John E. **MADIGAN**, etc., et al.

No. Civ. 73–5025.

United States District Court,
D. South Dakota.
July 13, 1973.

Stephen L. Pevar, Mark V. Meierhenry, South Dakota Legal Services, Rosebud, S. D., Gary R. Thomas, South Dakota Legal Services, Ft. Thompson, S. D., for plaintiffs.

Richard Wendt, Assistant Chief, Legal Services State Dept. of Public Welfare, Pierre, S. D., for defendants.

## MEMORANDUM DECISION

BOGUE, District Judge.

Plaintiffs brought this action personally and on behalf of all persons similarly situated, seeking to have this Court declare that the South Dakota Department of Public Welfare, in determining eligibility of applicants for Aid to Dependent Children, may not presume that one child's Social Security and Veterans' Administration benefits are available as income to other members of the child's household. In particular, Plaintiffs seek to enjoin a state-wide welfare regulation which, Plaintiffs claim, makes that presumption. Jurisdiction is conferred by 28 U.S.C. §§ 2201, 2202; 1343(3), (4); and 42 U.S.C. § 1983.

Plaintiff Myrtle Howard was once married to a Morris Howard, deceased. A child, Joann Howard, was born of this marriage. Mrs. Howard also has two children born out of wedlock, Lenus and Ronald Red Feather. Joann Howard receives OASDI and Veteran's Benefits because her father, at the time of his death in 1969, was covered by these programs.

Plaintiff Edna Bordeaux has one child by her first marriage and two by her second marriage. Mrs. Bordeaux's first child, Cleota Randall, receives OASDI benefits because her father was covered by these programs at the time of his death.

Plaintiffs claim that, in applying for ADC on behalf of the children in their household who are non-beneficiaries of income from government programs, both Mrs. Howard and Mrs. Bordeaux should have the option of removing Joann Howard and Cleota Randall and their respective incomes from the ADC budget unit, as such option is reflected in State Letter No. 1088. That letter states in part:

"In view of the statutory requirement that a child's OASDI benefits be for his 'use and benefit' alone, the representative payee may not be required to use such benefits for other members of the child's family. Thus, if a child's monthly OASDI benefit exceeds his AFDC payment, the payee must have the option of removing the child together with his income from the AFDC family budget unit."

Plaintiffs further claim that the South Dakota Department of Public Welfare maintains and enforces regulations of state-wide applicability which eliminate the option expressed in State Letter No. 1088 and which requires the inclusion of beneficiaries and their income in computing an ADC budget unit. The regulations to which Plaintiffs direct their contention provide in part:

SECTION III—5A–19:

"All benefits derived from governmental sources . . . which are actually received by applicants for or recipients of public assistance are to be considered available to and deductible from the requirements recognized on the Assistance Plan. . . ."

SECTION III—5A–1:

"[R]esources has reference to all . . . items and services of subsistence, shelter and support available to him from any source whatsoever and to which he may or may not have a legal claim."

Defendants argue that the state welfare regulations do not, *ipso facto*, require a beneficiary's income to be considered in determining an ADC budget unit. Rather, only if and when the income of a beneficiary of a governmental program is "actually received" by the non-beneficiaries is it considered "available to and deductible from the requirements of the Assistance Plan." In other words, if OASDI and Veteran's benefits are paid to one child by reason of the fact that her deceased father was covered by these programs, and this money is used to support the other children of the same household who are now applying for ADC, Defendants claim that such income must be deducted from the requirements of the ADC plan in determining the amount of ADC payments for the non-beneficiary children. In support of such contention, Defendants rely upon another portion of State Letter No. 1088 which provides:

"[I]n cases where OASDI benefits are in fact used for other members of the family, to this extent there is income

to such family members, which must be considered like other income in accordance with applicable provisions of the State Plan."

The real dispute narrows down to this: Defendants contend that the *burden is on the applicants* to show that the resources are being used for the beneficiary only, and if the Department of Welfare determines through the application process that the beneficiary's resources are in fact being used by the applicants for ADC, then those contributed resources must be included as income to the household. Plaintiffs, on the other hand, argue that even though a beneficiary's income is being used by the household presently, the Department of Welfare must, when reviewing an application for ADC to non-beneficiary children, give the representative payee (mother) the option of removing the child beneficiary and his income from the ADC budget unit. In other words, the *burden is on the Welfare Department* to present the option. This Court is convinced that the latter position is sustained by the Social Security Act and the accompanying regulations, as well as applicable case law.

Nowhere within the laws of the State of South Dakota nor Federal law is there placed upon a minor child the duty to support his minor brothers and sisters. Consequently, any resources that are made available to a minor child need not be expended for the benefit of anyone except the child beneficiary. Moreover, when the resources consist of OASDI and/or Veteran's benefits, the representative payee of the child (in this case, the mother) cannot knowingly and wilfully convert the payments to any use other than for the use and benefit of the child beneficiary. To do so subjects the converter to a misdemeanor. 42 U.S.C. § 409(e); 38 U.S.C. § 3501. In keeping with this legal policy, the Department of Health, Education and Welfare, in State Letter No. 1088, September 25, 1970, stated that "in view of the statutory requirement that a child's OASDI benefits be for his 'use and ben-

**354**

efit' alone, the representative payee may not be required to use such benefits for other members of the child's family. "Thus, . . . the payee *must have the option* of removing the child together with his income from the AFDC family budget unit."

■ While a State Letter from the Commissioner is not a binding regulation, it is evidence of official Social Security policy. "[A]s such, [it] must be considered as one of the 'official issuances to the States' which help determine ' . . . whether State plans (including plan amendments and administrative practices under the plans) originally meet, or continue to meet, the requirements for approval . . . .' 45 C.F.R. § 201.2. Its weight, therefore, while not decisive, does merit some consideration as to whether, in view of the agency administering Social Security programs, there exists a conflict between the Federal and State policies." Collins v. White, No. C69–830 (D.Ohio 1971).

■ This Court finds that the application by the State Department of Welfare of Sections III—5A–1 and III—5A–19 of the State Manual conflicts with the clear intent of the Social Security Act. The conflict is made even more clear by a decision of the Department of Welfare in The Matter of Viola Black Dog, #67–67–7507–41–1. In that decision, the two regulations in question were construed to mean that children who apply for ADC are considered to have as available to them all governmental income received by another child in their household, even though the applicants have no legal claim to this income.

■ Where there exists a conflict between State and Federal policy in cases such as this, Federal policy must control. Hence, cases such as King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970), and Collins v. White supra, would require the policy set forth in State Letter 1088, that the recipient payee be given the option of removing the beneficiary child and his income from the ADC budget unit, be implemented in the state program.

Defendants are enjoined from applying State Welfare regulations in such a manner that applicants for ADC benefits are not given the option of removing a recipient of either OASDI or Veteran's benefits or both together with his governmental benefits from the ADC budget unit.