**Sara ROE and Mary Roe, her mother, by next friend Jim Thomas, and all others similarly situated, Plaintiffs,**

v.

**Robert D. RAY, Individually and in his capacity as Governor of the State of Iowa, and Kevin J. Burns, etc., Defendants.**

No. C 75–2019.

United States District Court,
N. D. Iowa, E. D.

Jan. 28, 1976.

Richard C. Turner, Atty. Gen. of Iowa, Stephen C. Robinson, Special Asst. Atty. Gen., Theodore R. Boecker, Asst. Atty. Gen., Des Moines, Iowa, for defendants.

Hoffman, Meyer, Keest & Fortney by David Fortney, Waterloo, Iowa, for plaintiffs.

McMANUS, Chief Judge.

This matter is before the court for decision on a stipulation of facts and written briefs and arguments of the parties submitted in December, 1975.

In this action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343, 2201 and 2202, plaintiffs, individually and in behalf of all others similarly situated, seek to have this court declare invalid and enjoin the enforcement of Iowa Department of Social Services (Department) eligibility regulation V–5–1 and § 239.5, Code of Iowa (1975), which deny welfare benefits to individuals solely because they have not reached majority. Plaintiffs also pray for payment of money wrongfully withheld.

The statute and regulation are challenged on grounds that they conflict with the Social Security Act of 1935, 42 U.S.C. § 601 et seq. (the Act), and are consequently invalid under the Supremacy Clause of the United States Constitution.[1] Defendants contend the State of Iowa is properly exercising its "delegated constitutional powers" and that this court should abstain.

### Findings of Fact

1. On September 3, 1975, plaintiff Mary Roe, a sixteen-year-old unwed mother who now lives in a rented apartment with her daughter, was denied Aid to Families with Dependent Children (AFDC) payments by her local county department of social services due solely to the fact that she was a minor. Plaintiff appealed to the Department[2] but did not appeal to an Iowa district court.

---

1. Plaintiffs also raise an equal protection argument; however, by agreed pre-trial order only the statutory conflict claim has been submitted at this time.

2. The Department's decision upholding the county read, in part:

"The only persons under age eighteen who are eligible as Aid to Dependent Children payees are those persons who have attained their majority through marriage. As you have never been married, you are ineligible."

2. Plaintiff otherwise qualified for AFDC payments and was not denied payments because of a determination that she was unable to manage the assistance payments in the best interests of her child.

3. Section 239.5, Code of Iowa (1975), and the Department Employees' Manual at V–5–1 conflict with the wording and purpose of the Social Security Act of 1935.[3]

4. Plaintiff has made no showing that there are any other members of her class.

## Conclusions of Law

■ 1. This court has jurisdiction of the parties and subject matter. 28 U.S.C. § 1343; 42 U.S.C. § 1983.

■ 2. Plaintiffs have presented a not totally insubstantial constitutional claim under the equal protection clause of the Fourteenth Amendment, *see, e. g., Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), and accordingly this court assumes pendent jurisdiction of the nonconstitutional statutory conflict claim. *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Swift & Co. v. Wickham,* 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).

■ 3. Plaintiffs have failed to show they are members of a class so numerous that joinder of all members is impracticable; therefore, this is not a proper class action. F.R.C.P. 23(a)(1); *Wright v. Stone Container Corp.,* 524 F.2d 1058 (8th Cir. 1975).

■ 4. Iowa's majority eligibility standard for AFDC payments found at § 239.5, Code of Iowa (1975), and the Department's Employees' Manual at V–5–1 violates the Social Security Act of 1935 and is void and unenforceable under the Supremacy Clause. *Burns v. Alcala,* 420 U.S. 575, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975); *Carleson v. Remillard,* 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972); *Townsend v. Swank,* 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1967).

■ 5. Since the claim presented does not have its basis in unclear state law, the abstention doctrine does not apply. *Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

---

3. Section 239.5, Code of Iowa (1975), provides in part:

"Assistance, when granted, shall be paid monthly to an adult person or a person eighteen years of age or older within the specified degrees of relationship and with whom the child is living."

The Department's Employees' Manual at V–5–1 provides in part:

"The payee for an ADC grant must be eighteen years of age or older unless she has attained majority through marriage."

In contrast, the Act at 42 U.S.C. § 602(a)(10) provides:

"That all individuals wishing to make application for aid to families with dependent children shall have opportunity to do so, and that aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals."

Eligibility rests on whether the individual has a "dependent child." Nowhere does the Act limit eligibility to those who have attained their majority, nor does the Act specifically or impliedly leave age requirements to the individual states. The State must provide benefits to all individuals who are needy under state standards and who meet the federal definition of "dependent child" which the Act defines at § 606:

"The term 'dependent child' means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his . . . mother . . . ."

Following the axiom that words used in a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary, the word "mother" in its statutory context precludes Iowa's majority restriction. Further, the purpose of the Act, found at § 601, of "encouraging the care of dependent children in their own homes by enabling each State to furnish financial assistance . . . to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life . . . ," is incompatible with Iowa's majority restriction.

6. Plaintiff need not exhaust her state remedies in this § 1983 action. *Allee v. Medrano,* 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974).

7. The Eleventh Amendment to the United States Constitution deprives this court of jurisdiction to award a money judgment against the state for retroactive AFDC payments. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Anderson v. Graham,* 492 F.2d 986 (8th Cir. 1973).

It is therefore

Ordered

The Clerk shall enter judgment in accordance with the following form which has been approved by the court.

Defendants, their successors, employees, agents and all other persons acting in concert therewith are permanently enjoined from denying plaintiff Mary Roe AFDC payments solely due to her status as unmarried and under the age of eighteen.