551 F.2d 241
 Sara ROE and Mary Roe, her mother, by next friend Jim
Thomas, and all others similarly situated, Appellees,
v.
Robert D. RAY, Individually and in his capacity as Governor
of the State of Iowa, and Kevin J. Burns, Individually and
in his capacity as Commissioner of the Iowa Department of
Social Services, Appellants.
 No. 76-1268.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 14, 1976.
Decided March 17, 1977.
 
 1
 Stephen C. Robinson, Sp. Asst. Atty. Gen., Des Moines, Iowa, for appellants; Richard C. Turner, Atty. Gen., and Theodore R. Boecker, Asst. Atty. Gen., Des Moines, Iowa, on brief.
 
 
 2
 David M. Fortney, Waterloo, Iowa, for appellees.
 
 
 3
 Before HEANEY and ROSS, Circuit Judges, and VAN PELT, Senior District Judge.*
 
 
 4
 VAN PELT, Senior District Judge.
 
 
 5
 The State of Iowa has appealed from an order and judgment entered in the U. S. District Court for the Northern District of Iowa[1] permanently enjoining appellants from denying Aid to Families with Dependent Children (AFDC) payments to Mary Roe, an unmarried minor who is the mother of Sara Roe. We affirm.
 
 
 6
 The facts were stipulated in the lower court. Mary Roe, age 16, unwed, mother of Sara Roe, applied for AFDC payments. The father of the child provides no support or income for the mother or child. The mother resides with her child and is without income to support herself and child. She was denied AFDC assistance on the basis of Iowa Code § 239.5 and the Iowa Employees' Manual § V-5-1 of the Iowa Department of Social Services which provide that the payee of an AFDC grant must be eighteen years of age or older unless he or she has attained majority through marriage.
 
 
 7
 The Social Security Act of 1935 as amended[2] bases payment eligibility on whether an individual has a dependent child. A dependent child is defined as one who is:
 
 
 8
 * * * deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his * * * mother * * *.
 
 
 9
 42 U.S.C. § 606(a). The Social Security Act places no age requirement on payees. Iowa admits that Mary and Sara Roe meet all federal eligibility requirements. However, Iowa contends that the State may:
 
 
 10
 Impose conditions upon applicants for and recipients of public assistance which, if not satisfied, result in the denial or termination of public assistance if such conditions assist the State in the efficient administration of its public assistance programs, or further an independent State welfare policy, and are not inconsistent with the provisions and purposes of the Social Security Act.
 
 
 11
 45 C.F.R. § 233.10(a)(1)(ii)(B).
 
 
 12
 Iowa urges that the age requirement is a proper condition or restriction because it insures the financial integrity of the program, insures that moneys expended through the programs are prudently and reasonably applied to benefit the dependent child, and protects the minor mother and her child. Iowa further contends that the parents of Mary Roe have a duty to support her and care for her until she is 18 or married and that Sara Roe would be eligible for assistance if she were living with her grandparents. Payments to the grandparents would be permissible under a portion of Iowa Code § 239.5 which provides that:
 
 
 13
 * * * the county board may order the assistance payments made to another individual who is interested in or concerned with the welfare of the child or the person with whom the child is living when it has been demonstrated that the person with whom the child is living is unable to manage the assistance payments in the best interest of the child.
 
 
 14
 Thus, Iowa claims that by superimposing state age requirements on the federal program they are placing limitations on who can be payees, but not on the actual eligibility of Mary and Sara Roe.
 
 
 15
 Under the fact situation of this case, none of those arguments have merit. There may be instances where a protective payee is required. Here it has been stipulated that Mary Roe was denied AFDC payments solely because of her age and not because she was unable to manage the assistance payments in the best interests of her child. It is agreed that the term "dependent child" for the purposes of 42 U.S.C. § 606(a) fits Sara Roe. To say that Iowa's policy requiring an 18 year old payee does not operate to limit eligibility would be overlooking the record in this case. The United States Supreme Court has stated:
 
 
 16
 Section 402(a)(10) of the Social Security Act, 42 U.S.C. § 602(a)(10), places on each State participating in the AFDC program the requirement that "aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals." "Eligibility," so defined, must be measured by federal standards.
 
 
 17
 Carleson v. Remillard, 406 U.S. 598, 600, 92 S.Ct. 1932, 1934, 32 L.Ed.2d 352 (1971). We note that the Supreme Court has also stated:
 
 
 18
 (A) state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause.
 
 
 19
 (A) State's interest in preserving the fiscal integrity of its welfare program by economically allocating limited AFDC resources may not be protected by the device of adopting eligibility requirements restricting the class of children made eligible by federal standards.
 
 
 20
 Townsend v. Swank, 404 U.S. 282, 286, 291, 92 S.Ct. 502, 505, 508, 30 L.Ed.2d 448 (1971).
 
 
 21
 Iowa's action has withheld in this instance AFDC assistance from persons who are eligible under federal standards to receive it. To deny assistance on the basis of the age of the payee of the check to be issued defeats reasonable promptness in the eligible individual receiving the Act's benefits just as surely and effectively as an improper determination that the individual was ineligible. The trial court was correct in permanently enjoining the State from denying AFDC payments to Mary Roe solely because of her status as unmarried and under the age of eighteen.
 
 
 22
 The judgment and order of the trial court is affirmed.
 
 
 
 *
 Robert Van Pelt, United States Senior District Judge, District of Nebraska, sitting by designation
 
 
 [1]
 The Honorable Edward J. McManus
 
 
 [2]
 42 U.S.C. § 601 et seq