Rochelle BARNES, through her next friend, Lillie Barnes, individually and on behalf of Day Twan Barnes and all others similarly situated, Plaintiffs,

v.

Michael V. REAGEN, Commissioner of the Iowa Department of Social Services, Defendant.

No. C 79–2063.

United States District Court, N. D. Iowa, E. D.

Nov. 6, 1980.

Susan B. Keith, Waterloo, Iowa, for plaintiffs.

Stephen C. Robinson, Asst. Atty. Gen., Social Services Div., Des Moines, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on the parties' cross motions for summary judgment and on plaintiff's [1] resisted application for class certification. Plaintiff's motion for summary judgment granted.

Plaintiff brings this action for declaratory and injunctive relief [2] under 42 U.S.C. § 1983 (1976), alleging that defendant has, under color of Iowa law, deprived her of rights secured by the Constitution and laws of the United States. Jurisdiction is founded on 28 U.S.C. § 1343(3) and (4) (1976).

■ The court notes at the outset that defendant's [3] attack on subject matter jurisdiction is without merit. Defendant's challenge of jurisdiction is based on *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), which supports the conclusion that the federal court has no jurisdiction in cases such as this to consider claims based exclusively on an alleged statutory violation. Plaintiff does not rely exclusively on such a theory in this case, however, but also complains of the violation of her constitutional rights. These constitutional claims are not "obviously frivolous or obviously lacking in merit," *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); see *Johnson v. Harder*, 383 F.Supp. 174 (D.Conn. 1974), *aff'd*, 512 F.2d 1118 (2nd Cir.), *cert.*

---

1. See n. 4, *infra*.

2. Plaintiff also seeks damages and attorney fees, together with her costs. See n. 21 for discussion of these matters.

3. The nominal defendant in this action is Michael Reagen, the Commissioner of the Iowa Department of Social Services. However, the court will at times refer to the Iowa Department of Social Services as defendant.

*denied*, 423 U.S. 876, 96 S.Ct. 149, 46 L.Ed.2d 109 (1975). Accordingly, the court is empowered to exercise jurisdiction over the constitutional claims, 28 U.S.C. § 1343(3); *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979); *Davis v. Reagen*, 630 F.2d 1299, (8th Cir. 1980), and pendant jurisdiction over the statutory claim. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979); *Davis v. Reagen*, 630 F.2d 1299, (8th Cir. 1980); *Roe v. Ray*, 407 F.Supp. 351 (N.D.Ia.1976), *aff'd*, 551 F.2d 241 (8th Cir. 1977).

■ Both parties have moved for summary judgment. Summary judgment should not be entered unless the pleadings, depositions, answers to interrogatories, and admissions show that there is no genuine issue as to any material fact. FRCP 56(c); *see Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). It is an extreme remedy, not to be entered unless the moving party has established its right to a judgment with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances. *Equal Employment Opportunity Comm. v. Liberty Loan Corp.*, 584 F.2d 853, 857 (8th Cir. 1978). In passing upon a motion for summary judgment, the court is required to view the facts in the light most favorable to the party opposing the motion. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). The material facts in this case, which are undisputed, follow.

The plaintiff in this action, Rochelle Barnes,[4] is a minor and an unwed mother of one child, Day Twan Barnes. Rochelle and Day Twan live with Lillie Barnes, one of Rochelle's sisters.

Rochelle's parents are both deceased. By virtue of this fact, Rochelle is entitled to monthly benefits under the Old Age Survivors and Disability Insurance (OASDI) program.[5] Pursuant to federal regulation,[6] these benefits are paid to a "representative payee," who in this case is Delores Barnes, another sister of Rochelle's, for Rochelle's use and benefit. Delores is charged by federal regulation to expend these funds only for purposes determined by her to be in Rochelle's best interests,[7] subject to criminal sanctions for failure to do so.[8].

Day Twan was born on October 6, 1978. At some time between this date and January 1, 1979, Rochelle applied for and received from defendant an Aid to Families with Dependent Children (AFDC) grant for Day Twan. On January 1, 1979, Rochelle was added to this AFDC grant. At this time, however, defendant treated Rochelle's OASDI benefits as income available to meet the needs of both Rochelle and Day Twan.

Defendant subsequently cancelled Rochelle's AFDC grant for one month, effective April 1, 1979. On April 10, 1979, Rochelle applied for reinstatement of her grant. Defendant, in processing this application, again included Rochelle's OASDI benefits as income to both Rochelle and Day Twan, thereby reducing their AFDC grant from the one–person grant of $145.00 per month to a two–person grant of $2.30 per month. Defendant's computation was made pursuant to its written procedures.[9]

---

4. The court notes that this action was commenced by Rochelle Barnes, through her next friend, Lillie Barnes, individually and on behalf of Day Twan Barnes and all others similarly situated. For purposes of convenience, however, the court will refer to Rochelle Barnes as plaintiff. For the court's disposition of the issue of class certification, see n. 20, *infra*.

5. 42 U.S.C. § 401 *et seq.*

6. 20 CFR § 404.1601.

7. 20 CFR § 404.1603. See n. 11, *infra*, for the text of this regulation.

8. 42 U.S.C. § 408(e).

9. Iowa Department of Social Services (IDSS) Employees' Manual IV–B(2)-16 and V–5–40 and IDSS Employees' Manual Letter V–5–15, p. 2, as these procedures existed on October 17, 1979, the date this action was filed. See n. 14, *infra*, for the text of these provisions.

On May 3, 1979, Rochelle filed an appeal with defendant requesting that Day Twan receive her own AFDC grant. Defendant held a hearing on this appeal on June 5, 1979. At some point prior to July 1, 1979, defendant recomputed Rochelle's AFDC grant. Based on increased monthly OASDI benefits, which were determined to be in excess of the basic need standard for a two–person grant under the AFDC program, defendant cancelled Rochelle and Day Twan's AFDC grant, effective July 1, 1979.

Defendant issued, on August 2, 1979, a proposed decision affirming its earlier action and upholding the method utilized to compute the AFDC grant for Rochelle and Day Twan. On September 11, 1979, after receiving additional written objections from Rochelle, defendant adopted its proposed decision as its final decision.

This action was filed on October 17, 1979, and is framed in four counts. In count one, plaintiff alleges that the procedures upon which defendant relied in treating Rochelle's OASDI benefits as income to both Rochelle and Day Twan conflict with the Social Security Act and regulations promulgated thereunder and are thereby invalid under the supremacy clause of the United States Constitution. Counts two and three both allege that the conduct of defendant in considering the OASDI benefits as income to Rochelle and Day Twan for AFDC purposes violates the equal protection clause of the fourteenth amendment to the Constitution, and count four alleges that defendant's conduct also violates the due process clause of the fourteenth amendment.

It appears to the court that plaintiff's supremacy clause theory has merit. Accordingly, the court does not reach plaintiff's constitutional claims. *See, e. g., Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (court required to decide statutory issues first in order to avoid, if possible, constitutional adjudication). Since there is no genuine issue as to any material fact, this case is ripe for disposition on the parties' cross–motions for summary judgment.

■ Participation by a given state in the AFDC program is voluntary. But if a state does participate, it must conform its program to the "several requirements of the Social Security Act and . . . the rules and regulations promulgated [thereunder]." *King v. Smith*, 392 U.S. 309, 317, 88 S.Ct. 2128, 2133, 20 L.Ed.2d 1118 (1968). Plaintiff argues that the procedures relied upon by defendant in determining plaintiff's eligibility for and grant level under the Iowa AFDC program conflict with federal requirements. Specifically, plaintiff claims that defendant, by treating as income for AFDC purposes the OASDI benefits paid to Delores Barnes as representative payee for plaintiff, is in violation of 20 CFR § 404.-1603,[10] which governs the obligations and duties of Delores in her capacity as plaintiff's representative payee. Because of 20 CFR § 404.1603, plaintiff asserts that her OASDI benefits are not "income" to her insofar as AFDC is concerned.

Defendant, however, argues that the OASDI benefits are income to Rochelle and, by virtue of Rochelle's legal obligation to support her child, to Day Twan, and that it is not a violation of federal statutes or regulations for defendant to include these benefits as income in the AFDC grant equation for Rochelle and Day Twan.[11] Defendant relies on the federal statutory and regulatory provisions that prescribe the requirements of state AFDC programs with regard to the computation of benefit levels. Generally, these provisions provide that the state program must, with certain enumerat-

---

**10.** 20 CFR § 404.1603 provides:

Responsibility of representative payee. A relative or other person to whom certification of payment is made on behalf of a beneficiary as representative payee shall, subject to review by the Administration and to such requirements as it may from time to time prescribe, apply the payments certified to him on behalf of a beneficiary only for the use and benefit of such beneficiary in the manner and for the purposes determined by him to be in the beneficiary's best interest.

**11.** Plaintiff does not question the fact that she is responsible under Iowa law for the support of Day Twan.

ed exceptions not relevant in this case, include all income of the AFDC eligibility group in determining the group's needs and the AFDC grant amount,[12] and that income of a parent is attributable to the parent's minor dependents living in the parent's home.[13] In accordance with this understanding, defendant promulgated the various provisions under attack here.[14]

It appears to the court that defendant is incorrect in his interpretation of the federal AFDC requirements. It is conceded that Rochelle is legally responsible for Day Twan's support and that, therefore, all income to Rochelle is attributable to Day Twan for AFDC purposes. The court also agrees that OASDI benefits paid directly to an AFDC applicant or recipient are income to that person under the AFDC program. *See Carr v. Commonwealth Department of Public Welfare*, 41 Pa.Cmwlth. 254, 398 A.2d 1088, 1090–91 (1979). But the court cannot agree that OASDI benefits paid to a representative payee on behalf of an AFDC applicant or recipient are "income" to that person unless or until the payee actually applies the benefits to the person's current maintenance needs.[15] *See Johnson v. Harder*, 383 F.Supp. 174 (D.Conn.1974), *aff'd*, 512 F.2d 1118 (2d Cir.), *cert. denied*, 423 U.S. 876, 96 S.Ct. 149, 46 L.Ed.2d 109 (1975); *Howard v. Madigan*, 363 F.Supp. 351 (D.S. D.1973); *Collins v. White*, 319 F.Supp. 954 (N.D.Ohio, 1971).

The general rule is that a state may only treat as income to an AFDC applicant

12. The "eligibility group" in this case is Rochelle and Day Twan.

13. 42 U.S.C. § 602(a) contains the basic framework. It provides in pertinent part as follows:

A State plan for aid and services to needy families with children must ... (7) ... provide that the state agency shall, in determining need, take into consideration any other income ... of any child or relative claiming aid to families with dependent children.

Various regulations have expanded on section 602(a). In particular, 45 CFR § 233.20(a) provides in part:

A State plan for ... AFDC ... must, as specified below:

(3) Income and resources: ... AFDC.

(ii) Provide that, in determining need and the amount of the assistance payment, after all policies governing the ... disregard or setting aside of income ... referred to in this section have been uniformly applied:

(A) In determining need, all remaining income ... shall be considered in relation to the State's need standard;

(b) In determining financial eligibility and the amount of the assistance payment, all remaining income ... may, at the State's option, be considered in relation to the State's need standard, or the State's payment standard.

Similarly, with specific application to AFDC, 45 CFR § 233.90(a) provides in pertinent part as follows:

State plan requirements. A State plan under Title IV–A [AFDC] of the Social Security Act shall provide that:

In establishing financial eligibility and the amount of the assistance payment, only such

net income as is actually available for current use on a regular basis will be considered....

With regard to the attribution of a parent's income to a minor child who lives with the parent and for whom the parent is legally responsible for support, 45 CFR § 233.20(a)(3)(vi) provides that:

[I]f the State agency holds relatives responsible for the support of applicants and recipients ... [then] [i]n family groups living together, income of a parent is considered available for children under 21....

14. IDSS Employees' Manual IV–B(2)–16 provides:

The eligible child(ren) and the parent or non–parent relative, if needy, shall be considered as constituting the eligible group when they live with
1. non–parental relatives,
2. non–relatives, or
3. in an independent living arrangement.
IDSS Employees' Manual V–5–40 provides:

All income actually received and available, whether in cash or in kind, earned or unearned, shall be considered in determining eligibility and the amount of the assistance grant.
IDSS Employees' Manual Letter V–5–15, p. 2 provides in pertinent part:

The income of the underage payee living with a non–parental relative or in an independent living arrangement shall be treated in the same manner as though the payee had attained majority.

15. "Current maintenance" is defined in 20 CFR § 404.1604 as funds to "replace current income lost because of the disability, retirement, or death of the insured individual."

or recipient that which is actually available for current support. This is made clear in 45 CFR § 233.20(a)(3)(ii)(D), which provides that only:

> [n]et income available for current use . . . shall be considered [for purposes of determining need, eligibility, and benefit levels under the state AFDC program]; income . . . [is] considered available both when actually available and when the [AFDC] applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance.

*See also* 45 CFR § 233.90(a).[16] Numerous cases have considered this issue, *Van Lare v. Hurley*, 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1974); *Townsend v. Swank*, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), and they are all in accord with the court's position here—defendant may not treat as income to plaintiff and her child OASDI benefits paid to plaintiff's representative payee on plaintiff's behalf. Because of regulatory restrictions placed on these benefits by 20 CFR § 404.1601 *et seq.*, they are not "income" to plaintiff as that term is defined in 45 CFR §§ 233.20 and 233.90.

■ There is another, related reason for striking down defendant's practices—to allow defendant to attribute plaintiff's OASDI benefits to plaintiff and Day Twan as income violates the letter and spirit of 20 CFR § 404.1601 *et seq.* by removing all the discretion of Delores, the representative payee, with regard to the management of plaintiff's benefits. Under defendant's practice, Delores is, in effect, forced to make all of plaintiff's OASDI benefits

16. See n. 13, *supra*, for the text of § 233.90(a).

17. See nn. 9 & 14, *supra*.

18. Defendant is not precluded by this ruling from treating as income OASDI benefits paid to a representative payee on behalf of an AFDC applicant or recipient to the extent these bene-

available to plaintiff for her everyday use. This the court cannot allow.

Several courts have been faced with analagous situations, and they have all concluded that the OASDI representative payee's discretion may not be impaired by laws such as defendant's here. *Johnson v. Harder*, 383 F.Supp. 174 (D.Conn.1974), *aff'd*, 512 F.2d 1118 (2d Cir.), *cert. denied*, 423 U.S. 876, 96 S.Ct. 149, 46 L.Ed.2d 109 (1974); *Howard v. Madigan*, 363 F.Supp. 351 (D.S. D.1973); *Collins v. White*, 319 F.Supp. 954 (N.D.Ohio, 1971). Of these cases, *Johnson* is the closest to this action. There the defendant challenged the Connecticut practice of attributing as income to an AFDC mother OASDI benefits of her child, paid to her as the child's representative payee, in excess of the child's budgeted needs. Connecticut's practice was in accordance with written procedures and was defended on the ground that a child in Connecticut was under the statutory duty to support his or her parent when the parent could not support him or herself, which was the case in *Johnson*. *See* Conn.Gen.Stat.Ann. § 17–320 (West 1974). The *Johnson* court invalidated the state procedure on supremacy clause grounds, holding that it violated 20 CFR § 404.1601 *et seq.* by inhibiting the discretion of the OASDI representative payee.

It is therefore

ORDERED, ADJUDGED AND DECLARED

■ 1. The practice of defendant complained of in this action is illegal under the Social Security Act and regulations promulgated thereunder and the provisions of the IDSS Employees' Manual and Employees' Manual letter[17] relied upon by defendant in this regard are declared invalid under the supremacy clause. Article VI, Clause 2, of the Constitution;[18] *see, e. g., King v.*

fits are actually applied by the representative payee to the current maintenance needs of the AFDC applicant or recipient. *See Johnson v. Harder*, 383 F.Supp. 174 (D.Conn.1974), *aff'd*, 512 F.2d 1118 (2d Cir.), *cert. denied*, 423 U.S. 876, 96 S.Ct. 149, 46 L.Ed.2d 109 (1975).

*Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).[19]

2. Defendant, his agents, servants, attorneys, employees and all others acting in concert with them are hereby permanently enjoined from treating as income for AFDC purposes OASDI benefits of an AFDC applicant or recipient that are paid to a representative payee on behalf of the AFDC applicant or recipient.[20]

3. By not later than Tuesday, November 28, 1980, counsel for the parties shall file either a stipulation as to the amount of reasonable attorney's fees for plaintiff to date, or cross–affidavits as to a reasonable fee. In the event affidavits are filed, plaintiff should include a detailed record of the time spent, the duties performed and the hourly charge.[21]

4. Plaintiff's application for class certification denied.

---

**19.** The court rejects defendant's argument that Rochelle is entitled to her OASDI benefits directly. This argument is in direct conflict with 42 U.S.C. § 405(j) and 20 CFR § 404.1601 *et seq. Roe v. Ray,* 407 F.Supp. 351 (N.D.Ia. 1976), *aff'd,* 551 F.2d 241 (8th Cir. 1977), cited by defendant as authority for this argument, is inapposite.

**20.** See n. 18, *supra.*
   Plaintiff has applied for class certification. Because the injunctive and declaratory relief sought by plaintiff has been fashioned to run to the benefit of those sought to be included in the class, plaintiff's application is denied. *See United Farmworkers of Florida Housing Project, Inc. v. Delray Beach,* 493 F.2d.799, 812 (5th Cir. 1974); *Edward v. Schlesinger,* 377

F.Supp. 1091, 1093 (D.D.C.1974), *rev'd on other grounds,* 509 F.2d 508 (D.C.Cir.1974); 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1771 (1972).

**21.** Plaintiff, in addition to a declaratory judgment and injunction, seeks attorney's fees and payment of AFDC benefits wrongfully withheld. Pursuant to 42 U.S.C. § 1988, plaintiff is entitled to reasonable attorney's fees. *Lund v. Affleck,* 442 F.Supp. 1109 (D.R.I.), *aff'd,* 587 F.2d 75 (1st Cir. 1977).
   Plaintiff is not entitled to an award of damages for back payment of AFDC benefits, however. *Roe v. Ray,* 407 F.Supp. 351 (N.D.Ia. 1976), *aff'd,* 551 F.2d 241 (8th Cir. 1977).