Melissa K. SNIDER, et al., Plaintiffs,

v.

Kenneth CREASY, et al., Defendants.

Lisa NICHOLAS, et al., Plaintiffs,

v.

Kenneth CREASY, et al., Defendants.

Nos. C–1–80–622, C–1–81–281.

United States District Court,
S. D. Ohio, W. D.

Sept. 30, 1982.

Michael A. Kennedy, Clermont County Legal Aid Society, Batavia, Ohio, for plaintiffs.

Steven Feldman, Michael Igoe, Donald J. McTigue, Columbus, Ohio, Delbert H. Lay, Cincinnati, Ohio, George Pattison, Pros. Atty., Batavia, Ohio, for defendants.

ORDER DENYING PLAINTIFFS' MO-
TION FOR CLASS CERTIFICATION,
GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND
DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

CARL B. RUBIN, Chief Judge.

These cases were consolidated upon this Court's Order of March 23, 1981. Plaintiffs assert a cause of action under 42 U.S.C. § 1983 and purport to represent a class of similarly situated persons. The issues raised in the *Snider* Complaint are identical to those raised in the First and Second Causes of Action of the *Nicholas* Complaint. This matter is before the Court on cross Motions for Summary Judgment on those

issues only[1] and on plaintiffs' Motion for Class Certification.

## FACTS

Plaintiffs are minor mothers, living with adult relatives, who applied for benefits under the Aid to Families with Dependent Children program (hereinafter "AFDC"). At the time of their applications, all plaintiffs were receiving payments under the Old Age, Survivor and Disability Insurance Program ("OASDI") through a representative payee. Pursuant to the policy of the Ohio Department of Public Welfare ("ODPW"), some or all of these OASDI payments were deemed to be income to plaintiffs available to support plaintiffs' children, resulting in a decrease or denial of AFDC benefits. Plaintiffs allege that the "deeming" policy of the ODPW, insofar as it involves OASDI payments made through a representative payee, violates certain federal regulations governing the administration of the AFDC program, thus creating a cause of action under 42 U.S.C. § 1983. Plaintiffs seek declaratory and injunctive relief for themselves and for the class they purport to represent.

## CLASS CERTIFICATION

■ Plaintiffs seek certification of a class which includes plaintiffs and, generally, all persons similarly situated in Ohio. Certification of a class action is governed by Federal Rule of Civil Procedure 23 and the requirements set out therein. Without expressing an opinion on whether those requirements have been met, the Court holds that class certification is inappropriate in this case. To the extent granted, the declaratory and injunctive relief requested by plaintiffs would automatically accrue to the benefit of others similarly situated, and, therefore, "no useful purpose would be served by permitting this case to proceed as a class action." *Craft v. Memphis Light, Gas and Water Division,* 534 F.2d 684, 686 (6th Cir. 1976), *aff'd* 436 U.S. 1, 98 S.Ct.

1554, 56 L.Ed.2d 30 (1978). Plaintiffs' Motion for Class Certification is therefore DENIED.

## SUMMARY JUDGMENT

■ The summary judgment standard in this Circuit is a stringent one. Federal Rule of Civil Procedure 56(c) permits the Court to grant summary judgment only when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Tee-Pak, Inc. v. St. Regis Paper Co.,* 491 F.2d 1193, 1195 (6th Cir. 1974). In deciding a Motion for Summary Judgment, the Court must construe evidence in a light least favorable to the movant and most favorable to the opposing party. *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir. 1962).

The parties have submitted an agreed stipulation of facts along with their cross Motions for Summary Judgment, and the Court finds that there is no genuine issue as to any material fact. The Court further finds that, on the issues at bar, plaintiffs are entitled to judgment as a matter of law.

■ The Court is persuaded by the reasoning in *Riddick v. D'Elia,* 626 F.2d 1084 (2nd Cir. 1980) and *Barnes v. Reagen,* 501 F.Supp. 215 (N.D.Iowa 1980), both of which involved state "deeming" policies identical to those here. The Courts in *Riddick* and *Barnes* found that the "deeming" of OASDI payments made through a representative payee conflicted with 20 C.F.R. § 404.1603, which provides in pertinent part

A relative or other person to whom certification of payment is made on behalf of a beneficiary as representative payee shall ... apply the payments certified to him on behalf of a beneficiary only for the use and benefit of such beneficiary in the manner and for the purposes *determined by him* to be in the beneficiary's

---

1. Because plaintiffs' Motion to Compel Discovery does not relate to these issues, it is not now before the Court.

best interest. 20 C.F.R. § 404.1603 (emphasis added).

This regulation must be read in conjunction with the AFDC regulations which provide that, in determining the level of AFDC benefits due an applicant, a state may treat as income to that applicant only such amounts as are actually available for current support. *See* 45 C.F.R. § 233.-20(a)(3)(ii)(D); 45 C.F.R. § 233.90(a). Because of the regulatory restrictions on OASDI payments through a representative payee, such payments may not be considered "income" to the plaintiffs as that term is defined in the AFDC regulations. *Barnes, supra* at 220 and cases cited therein.[2]

The state's "deeming" policy also conflicts with the representative payee's obligation, established in 20 C.F.R. § 404.1603, to use the OASDI payments only for those purposes determined by the representative payee to be in the beneficiary's best interest. Failure to fulfill this obligation can expose the representative payee to criminal liability for conversion. 42 U.S.C. § 408(e). The "deeming" policy of the ODPW creates an irrebuttable presumption that the representative payees will make available the OASDI payments for the support of plaintiffs' children. That presumption contravenes the representative payees' obligation to use their discretion in applying the payments. *Riddick, supra* at 1089; *Barnes, supra* at 220. Because the state's policy conflicts with the applicable federal law, the state's policy must give way under the Supremacy Clause, U.S.Const., Art. VI, cl. 2. *Riddick* and *Barnes, supra*.[3]

### CONCLUSION

Plaintiffs' Motion for Summary Judgment is hereby GRANTED. Defendants' Motion for Summary Judgment is hereby DENIED.

**2.** The Court emphasizes that its holding applies only to cases where OASDI payments are made through a representative payee.

**3.** Defendants are not precluded by this ruling from treating as income OASDI benefits paid to a representative payee on behalf of an AFDC

The Court declares the policy of the ODPW, whereby OASDI payments made through a representative payee are deemed to be "income" to an AFDC applicant or recipient for the purpose of calculating AFDC benefits, to be in violation of applicable federal law and therefore invalid under the Supremacy Clause.

The ODPW, its agents, servants, employees and all others acting for or with it are permanently enjoined from treating OASDI payments to a representative payee on behalf of an AFDC applicant or recipient as income to that applicant or recipient for the purpose of calculating AFDC benefits, except insofar as those payments are actually applied by the representative payee to the current maintenance needs of the AFDC applicant or recipient.

IT IS SO ORDERED.

applicant or recipient to the extent those benefits are actually applied by the representative payee to the current maintenance needs of the AFDC applicant or recipient. *See Barnes* at 220 n.18.