728 F.2d 369
 Melissa Kay SNIDER, an infant by her next friends, Wallace
A. Snider and Mildred A. Snider, David Snider, an infant by
his next friend, Wallace A. Snider and Mildred A. Snider,
and Lisa Nicholas, Marion Allen and Jeffrey Nicholas, an
infant by his next friend Marion Allen, on behalf of
themselves and all those similarly situated, Plaintiffs-Appellees,
v.
Kenneth CREASY, Defendant-Appellant,
Harlan Wolfe, et al., Defendants.
 No. 82-3731.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 11, 1983.
Decided March 1, 1984.
 
 William J. Brown, Atty. Gen., George Stricker, Jr. (argued), Michael Igoe, Asst. Attys. Gen., Columbus, Ohio, for defendant-appellant.
 Michael A. Kennedy (argued), John Woliver, Clermont County Legal Aid Society, Batavia, Ohio, for plaintiffs-appellees.
 Before KEITH and CONTIE, Circuit Judges, and WEICK, Senior Circuit Judge.
 KEITH, Circuit Judge.
 
 
 1
 The plaintiffs brought this action pursuant to 42 U.S.C. Sec. 1983[1] seeking injunctive and declaratory relief from the Ohio Department of Public Welfare's ("ODPW") practice of attributing a minor mother's federal Old Age Survivors and Disability Insurance ("OASDI")[2] benefits as income available to the minor mother's child for the purpose of reducing or eliminating the child's eligibility for benefits under the Aid to Families with Dependent Children ("AFDC") program. Plaintiffs filed an amended complaint and motions for class certification and summary judgment. Defendants filed a cross-motion for summary judgment. The district court judge denied plaintiffs' motion for class certification but granted plaintiffs' motion for summary judgment and permanently enjoined ODPW, its agents, servants and employees from treating OASDI payments made through a representative payee as income for the purposes of calculating eligibility of a potential AFDC applicant. The defendants appealed. The sole question presented for review is whether the state's treatment of OASDI benefits, paid to minor mothers' representative payees, as available income for purposes of calculating their children's entitlement to AFDC benefits, conflicts with regulations promulgated under the Social Security Act, 42 U.S.C. Sec. 401 et seq.
 
 I.
 
 2
 The facts are not in dispute. Plaintiffs are minor mothers who lived with adult relatives at the time of their applications for AFDC benefits. Plaintiff Melissa Snider received OASDI benefits because of her father's disability. Under federal law, a minor cannot receive OASDI benefits directly, but must instead receive them through a representative payee. 20 C.F.R. Sec. 404.2001 et seq. Consequently, benefits were paid to Melissa's mother as the representative payee on behalf of Melissa. Melissa applied for AFDC benefits on behalf of herself and her son David. The County Welfare Department, pursuant to policy set by the ODPW, calculated Melissa's potential AFDC grant by first considering the income of Melissa's parents, not including the OASDI benefits received on her behalf. The Department compared this income to the basic needs standard for a family of three. Since the parents' income exceeded this scheduled standard of need, the Department concluded the Snider's income was sufficient to meet Melissa's needs. Melissa was thus eliminated from the "assistance group", which is the term used to describe the unit making the application for AFDC benefits. This reduced the assistance group to one, Melissa's son, David. The Welfare Department, again pursuant to ODPW policy, "deemed" the OASDI benefits which should have gone to Melissa, as available to meet David's needs. Since the excess OASDI benefits exceeded the basic needs standard for an assistance group of one, the result of the deeming procedure was to completely exclude David from the AFDC program.
 
 
 3
 Plaintiff Lisa Nicholas, also received her OASDI benefits through a representative payee. The ODPW deemed that portion of her OASDI benefits which exceeded the AFDC's basic standard of need, as available to her child. This reduced the AFDC grant by the amount of the excess OASDI benefits.
 
 
 4
 The district court granted plaintiffs' motion for summary judgment and declared invalid the state's policy whereby OASDI payments made through a representative payee are deemed income for the purpose of calculating AFDC benefits. Snider v. Creasy, 548 F.Supp. 601 (S.D.Ohio 1982). For the reasons set forth below, we affirm the decision of the district court.
 
 II.
 
 5
 This Circuit recognizes that the standards for granting a summary judgment motion is strict and the rule must be invoked with caution. Tee-pak, Inc. v. St. Regis Paper Co., 491 F.2d 1193, 1195 (6th Cir.1974); Rogers v. Peabody Coal Co., 342 F.2d 749, 751 (6th Cir.1965); Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir.1962). The trial judge should grant the motion only where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 6
 The facts were stipulated to by the parties in this case, and are not in dispute. Since resolution of appellants' challenge to the validity of the state's deeming policy raised purely legal questions and did not involve disputed issues of fact, the district court properly concluded that the question was ripe for summary judgment.
 
 III.
 
 7
 AFDC is a categorical public assistance program established by the Social Security Act of 1935. AFDC provides federal funds to states on a matching funds basis to aid the "needy child ... who has been deprived of parental support or care by reason of death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with" any of several designated relatives. 42 U.S.C. Sec. 606(a). The Supreme Court in Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971), held that states which seek to qualify for federal AFDC funding must operate a program not in conflict with the Social Security Act. Plaintiffs contend that Ohio's deeming policy is in direct conflict with the Social Security Act, in particular the regulations governing OASDI payments made through a representative payee. A representative payee is required by federal regulations to:
 
 
 8
 (a) Use the payments he or she receives only for the use and benefit of the beneficiary in a manner and for the purposes he or she determines, under the guidelines in this subpart, to be in the best interests of the beneficiary....
 
 
 9
 20 C.F.R. Sec. 404.2035.
 
 
 10
 The alleged conflict arises from Ohio's policy which circumvents the representative payee's duty to exercise discretion and automatically deems the benefits available to one other than the intended beneficiary. In finding Ohio's deeming policy invalid, the district court relied upon Riddick v. D'Elia, 626 F.2d 1084 (2d Cir.1980) and Barnes v. Reagen, 501 F.Supp. 215 (N.D. Iowa 1980). Both cases involved deeming policies identical to Ohio's.
 
 
 11
 The policy of the New York Department of Social Services in Riddick v. D'Elia, supra, was to attribute a portion of a mother's OASDI benefits as income to her child for the purpose of reducing the child's needs for AFDC benefits. Although the mother in this case was not a minor, she received benefits through a representative payee because she was mentally retarded.[3] The appellants argued that a conflict arose between the federal regulations governing the administration of OASDI benefits and the state's policy. The federal regulation required a representative payee to apply the benefits only for the use and benefit of the beneficiary and in the manner and for the purposes determined by the payee to be in the beneficiary's best interest. The state's policy, however, allocated a portion of the minor mother's benefits to her child, thus preventing the representative payee from fulfilling his obligation to use the income for the purposes determined by him to be in the best interest of the beneficiary. 626 F.2d at 1089. The Second Circuit concluded that "in view of such a conflict with federal law, the state policy must give way under the Supremacy Clause." 626 F.2d at 1089.
 
 
 12
 Similarly, in Barnes v. Reagen, 501 F.Supp. 215 (N.D. Iowa 1980) the court held that the state public welfare department's policy of treating as income for AFDC eligibility, the OASDI benefits paid to the representative payee on behalf of an AFDC applicant violated 20 C.F.R. Sec. 404.2035 which governed the obligations of the representative payee to spend the benefits on behalf of the beneficiary "only for the use and benefit of such beneficiary in the manner and for the purposes determined by him to be in the beneficiary's best interest." 501 F.Supp. at 218 n. 10.
 
 
 13
 We find these decisions and the district court's reliance thereon to be sound. The federal regulations governing the administration of benefits through a representative payee specifically require the payee to use "the benefits of the beneficiary in a manner and for the purposes, he or she determines ... to be in the beneficiary's best interest." 20 C.F.R. Sec. 404.2035 (emphasis added). The representative payee's discretionary role in spending on the beneficiary's behalf is abrogated by Ohio's policy. The practical effect of this policy is to directly allocate these funds to one other than the intended beneficiary, thereby eliminating the representative payee's discretion to determine how benefits should be spent on the beneficiary's behalf. Such an abrogation is impermissible. Moreover, the duties and obligations imposed upon the representative payee, are federally mandated and failure to fulfill these obligations can expose the representative payee to criminal liability.[4]
 
 
 14
 Although the defendants concede that the representative payee must spend all funds for the beneficiary's best interest, they argue that since the beneficiary receives all funds, this is income which must be included in the AFDC calculation. And, since under Ohio law, the mother is obligated to support her child, these funds must be included in the determination of the AFDC grant, regardless of whether the funds are actually expended on the minor child. A reading of the relevant AFDC regulation rebuts defendant's argument. 45 C.F.R. Sec. 233.20(a)(3)(ii)(D) provides:
 
 
 15
 [n]et income available for current use ... shall be considered [for purposes of determining need, eligibility and benefit levels under the state AFDC program]; income ... [is] considered available both when actually available and when the [AFDC] applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance.
 
 
 16
 Defendants cannot treat as income to plaintiffs and their children, OASDI benefits paid to plaintiffs' representative payees. The regulatory restrictions placed on benefits as a result of the representative payee relationship precludes these funds from being treated as income as that term is defined in 45 C.F.R. Sec. 233.20 et seq.
 
 
 17
 No doubt there are situations where deeming may be appropriate. For example, the Supreme Court in Schweiker v. Gray Panthers, 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981) upheld the right of the state to deem a spouse's income as available to a medicaid applicant. The issue in Schweiker was whether the Secretary exceeded his statutory authority by allowing deeming in light of regulations which provided that only available income would be considered in the eligibility determination. The Court held that the Secretary had not exceeded his broad discretion in this area. The Court also found that extensive legislative history supported a conclusion that income deemed from a spouse "could be a part of the 'available' income which the state may consider in determining eligibility." 453 U.S. 34, 35, 101 S.Ct. 2633, 2635, 69 L.Ed.2d 460 (1980) (citations omitted). In Schweiker, however, payments were made directly to the beneficiary and not through a representative payee. This distinction is crucial. Our holding is limited solely to those cases where OASDI benefits are paid through a representative payee. OASDI benefits paid directly to an AFDC applicant or recipient are income to that person under the AFDC program and may be appropriately considered in the eligibility calculus. It is only where benefits are paid through a representative payee that they may not be deemed income to an AFDC applicant or recipient for the purpose of calculating eligibility under the AFDC program. Such a policy conflicts with federal regulations governing the administration of the Social Security program and is thus invalid under the Supremacy Clause of the United States Constitution.
 
 
 18
 Accordingly, we find no error in the district court's grant of summary judgment and the judgment is affirmed.
 
 
 19
 CONTIE, Circuit Judge, concurring in part and dissenting in part.
 
 
 20
 I agree with the majority that the Ohio Department of Public Welfare (ODPW) may not "deem" Old Age Survivors and Disability Income (OASDI) benefits paid to a representative payee as being available to an Aid to Families with Dependent Children (AFDC) applicant for purposes of reducing or eliminating eligibility for AFDC benefits. Although I further agree that the judgment as to plaintiff Nicholas should be affirmed, I conclude that the judgment as to plaintiff Snider should be reversed.
 
 
 21
 The majority correctly relies upon Barnes v. Reagen, 501 F.Supp. 215 (N.D. Iowa 1980), for the proposition that ODPW's "deeming" process is impermissible in cases involving representative payees. The majority does not, however, cite a footnote in Barnes to which the district court in the present case averted:
 
 
 22
 Defendant [here, ODPW] is not precluded by this ruling from treating as income OASDI benefits paid to a representative payee on behalf of an AFDC applicant or recipient to the extent these benefits are actually applied by the representative payee to the current maintenance needs of the AFDC applicant or recipient.
 
 
 23
 501 F.Supp. at 220 n. 18 (citation omitted). Under this language, ODPW may include OASDI benefits as income in calculating AFDC eligibility if the agency can prove by direct evidence that the representative payee did in fact use the benefits for the AFDC applicant's current maintenance needs.
 
 
 24
 In the present case, plaintiff and AFDC applicant Melissa Snider stipulated that "all of the OASDI benefits received on Melissa's behalf are spent on Melissa's needs" (Stipulation # 13, app. at 40). In my view, this stipulation constitutes direct evidence that the representative payee applied the OASDI benefits to AFDC applicant Snider's maintenance needs. Thus, the benefits are includable as income for purposes of calculating AFDC eligibility in her case. Although I am aware that the district court did not give this effect to Snider's stipulation, I am of the opinion that the plain language of the stipulation required the district court to do so. I would reverse the judgment as to plaintiff Snider.
 
 
 
 [1]
 42 U.S.C. Sec. 1983 provides:
 Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 
 [2]
 The regulations governing the administration of Old Age Survivor and Disability Insurance Benefits provides that a minor, disabled, or student child of an individual who receives old age insurance benefits is entitled to receive such benefits. 42 U.S.C. Sec. 402(d)(1) et seq
 
 
 [3]
 A representative payee is appointed when the beneficiary is either a minor or disabled. For purposes of this discussion, there is no distinction between the two
 
 
 [4]
 42 U.S.C. Sec. 408 provides that:
 Whoever--(e) having made application to receive payment under this subchapter for the use and benefit of another and having received such a payment, knowingly and willfully converts such a payment, or any part thereof, to a use other than for the use and benefit of such other person; ... shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or imprisoned for not more than one year, or both.