662

Ray BRANSON, Plaintiff,

v.

PRINS INSURANCE, INC., Interstate Underwriters Agency, Inc., and Underwriters at Lloyds, London, Defendants.

No. Civ 77–4091.

United States District Court,
D. South Dakota, S. D.

Aug. 7, 1978.

Parnell J. Donohue and Durward F. Mathis, Sioux Falls, S. D., for plaintiff.

John Simko, of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for defendant Prins Insurance, Inc.

Charles M. Thompson and Robert B. Anderson, of May, Adam, Gerdes & Thompson, Pierre, S. D., for defendants Interstate Underwriters Agency, Inc., and Underwriters at Lloyds, London.

NICHOL, Chief Judge.

The plaintiff, Ray Branson, was an owner-operator truck driver who drove for Midwest Coast. Midwest Coast, through Prins Insurance Agency of Sanborn, Iowa, obtained comprehensive insurance for its drivers. Prins obtained the insurance from the Royal Globe Insurance Company. In January of 1976, Royal Globe cancelled its policy with the Midwest Coast Drivers due to excessive losses. Prins, in an attempt to obtain coverage for Midwest Coast, contacted the Interstate Underwriters Agency of Ardmore, Oklahoma. The Interstate Underwriters Agency was able to obtain coverage through the Underwriters at Lloyds, London. The policy was issued on February 2, 1976, but effective January 28, 1976. It contained an exception for the hauling of swinging meat. On February 1, 1976, the plaintiff, while driving the truck insured under the Underwriters at Lloyds, London, policy, was involved in an accident. The plaintiff was hauling swinging meat. Therefore, the Underwriters at Lloyds, London, denied coverage.

Plaintiff brought this action against Prins and the Interstate Underwriters Agency on the theory that they failed to procure the appropriate insurance. Plaintiff also sued the Underwriters at Lloyds, London, on the policy it issued.

Following the trial of this action on the merits, the jury returned a verdict in favor of the plaintiff against the defendant, Interstate Underwriters Agency, in the sum

of $15,000.00. The jury also found against the plaintiff and in favor of the defendants, Prins Insurance, and the Underwriters at Lloyds, London, on all the plaintiff's claims against these two defendants. The jury also found no liability on the various cross claims of the three defendants.

Subsequent to the trial, defendant Interstate Underwriters Agency, Inc., filed motions for judgment notwithstanding verdict, new trial and remittitur. The court has previously denied these motions. Presently pending before the court are plaintiff's motions to alter or amend the judgment, to recover pre-judgment interest and to recover attorney fees.

### Motion to Alter or Amend

Although the jury returned a verdict of $15,000 in favor of the plaintiff and against the Interstate Underwriters Agency only, the plaintiff moves this court to alter or amend the judgment so that the judgment will be against both the Interstate Underwriters Agency and the Underwriters at Lloyds, London. Although plaintiff's motion is not specifically denominated as such, this court will treat this motion as a motion under 59(e) of the Federal Rules of Civil Procedure to alter or amend a judgment.

The jury returned a verdict against the plaintiff and in favor of the Underwriters at Lloyds, London. To alter or amend the judgment in this manner would be clearly contrary to the dictates of the Seventh Amendment right to a trial by jury. 11 Wright and Miller *Federal Practice and Procedure,* section 2817, at 111 (1973). Therefore, plaintiff's motion to alter or amend the judgment on the basis of Rule 59(e) is denied.

Plaintiff also relies on Fed.R.Civ.P. 50(b) as grounds for its motion to alter or amend. However, a motion for directed verdict must be made at the close of all the evidence before Rule 50(b) can be relied upon. Plaintiff made no motion for directed verdict. Therefore, plaintiff's motion to alter or amend on the grounds of Rule 50(b) is denied.

Lastly, plaintiff moves the court to alter or amend the judgment under Rule 60(b) on the theory that the jury made a mistake by finding liability on the part of the Interstate Underwriters Agency but not on the part of Underwriters at Lloyds, London. It is clear that the "mistake" referred to by the rule is not a mistake on the part of the jury. It contemplates a mistake made by the court or counsel. 11 Wright and Miller, *Federal Practice and Procedure,* section 2858 (1973). Therefore, Rule 60(b) is no authority to alter or amend the judgment in the manner in which plaintiff requests. The motion to alter or amend is in all respects denied.

### Pre-judgment Interest

Plaintiff also moves for an award of pre-judgment interest at a rate of six percent per annum to run from February 1, 1976, the date of the accident, on the jury verdict of $15,000.00. S.D.C.L. 21–1–11 (1967), permits recovery of pre-judgment interest. It states:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

This court has addressed this question on at least two prior occasions. *Peter Kiewit & Sons Co. v. Summit Construction Co.,* 422 F.2d 242 (8th Cir. 1969); *White Motor Corporation v. Northland Insurance Co.,* 315 F.Supp. 689 (D.S.D.1970). Both cases held that pre-judgment interest can be awarded under S.D.C.L. 21–1–11 only when the damages are certain or can be made certain by calculation.

*White Motor Corporation, supra,* is very similar to the present action. A truck was damaged in an accident and subsequently repaired. Pre-judgment interest was awarded on the cost of repairs less the applicable deductible. The cost of the re-

pairs was reduced to a sum certain upon completion of the repairs. In the present action, the record reflects that the cost of repairs for the plaintiff's truck was somewhere between $6,000 and $9,000. The amount of damages is not a sum certain nor capable of being clearly ascertained. Therefore, plaintiff is not entitled to pre-judgment interest.

### Attorneys Fees

Plaintiff also moved, pursuant to S.D.C.L. 58–12–3 (Supp.1977), for an award of attorneys fees for vexatious refusal to pay the full amount of the loss under the insurance policy. However, under S.D.C.L. 58–12–3, an award of attorneys fees can be made only against an "insurance company, including any reciprocal or interinsurance exchange . . ." The Interstate Insurance Agency, Inc., is clearly not an insurance company. It is merely an agent which procures insurance coverage from an insurance company for an insured. A reciprocal or interinsurance exchange is a plan or arrangement whereby a group of businesses or individuals insure themselves and each other against specific perils through a mutual agreement. Thus, individual members of the reciprocal or interinsurance exchange would be liable to pay losses covered by the plan. *U. S. v. Weber Paper Co.*, 320 F.2d 199 (8th Cir. 1965). The Interstate Insurance Agency, Inc., is not a reciprocal or interinsurance exchange.

Furthermore, plaintiff's action against the Underwriters at Lloyds, London, may have been on a policy or certificate of insurance, but the action against the Interstate Insurance Agency, Inc., was based on the theory of failure to procure appropriate insurance. Under S.D.C.L. 58–12–3, a recovery of attorneys fees must be predicated upon an action "on any policy or certificate of any type or kind of insurance . . ." Since the jury returned a verdict against the Interstate Insurance Agency, Inc., only, and not on any policy of insurance, plaintiff is not entitled to an award of attorneys fees.

### Conclusion

Plaintiff's motions to alter or amend the judgment, pre-judgment interest and attorneys fees are hereby denied. Counsel for the defendant, Interstate Underwriters Agency, will prepare an appropriate order.