**Victor H. CIPRIANO, et al.,
Plaintiffs, Appellees,**

v.

**STATE OF RHODE ISLAND, et al.,
Defendants, Appellants.**

**Nos. 83-1937, 84-1035 and 84-1089.**

United States Court of Appeals,
First Circuit.

Argued June 4, 1984.

Decided July 11, 1984.

Joseph F. Dugan, Sp. Asst. Atty. Gen., with whom Dennis J. Roberts II, Atty. Gen., and H. Jefferson Melish, Providence, R.I., were on brief, for appellants.

Angelo R. Marocco, Providence, R.I., with whom John J. Kelly, Providence, R.I., was on brief, for appellees.

Before CAMPBELL, Chief Judge, STEWART,* Associate Justice (Retired), and BOWNES, Circuit Judge.

BOWNES, Circuit Judge.

This case arises out of an action brought under 42 U.S.C. § 1983 and Rhode Island tort law for assault and battery and malicious prosecution by plaintiffs-appellees, Victor H. Cipriano and Edward F. Tutalo, against Edward Bennett of the Providence police force and Rhode Island state police officers, Alvin T. Pontarelli and Robert A. Magnan.[1] The case went to the jury

---

\* Of the Supreme Court of the United States, sitting by designation.

1. The plaintiffs also sued the State of Rhode Island, the City of Providence, nine John Doe Providence police officers, the City of Cranston, five John Doe Cranston police officers, the

against Bennett on the section 1983 count and the state assault and battery count; the case against Troopers Pontarelli and Magnan included these two counts plus the count for malicious prosecution. The jury found Bennett not liable on both counts. It found Pontarelli and Magnan not liable on the civil rights and malicious prosecution counts, but found both liable on the assault and battery count. Plaintiff Cipriano was awarded $1,000 in compensatory damages and $10,000 punitive damages against defendant Pontarelli. Plaintiff Tutalo was awarded $166 in compensatory damages and $20,000 in punitive damages against defendant Magnan.

It is the events following the jury verdicts that are the subject of this appeal. After the jury verdicts had been returned, the district court, perceiving an inconsistency between the jury's finding the defendants not liable on the civil rights count and liable on the state tort count of assault and battery, held a chambers conference with counsel. After the conference, the court made the following statements on the record.

> THE COURT: Mr. Spertini, have the record reflect that I have just discussed with the attorneys what may well be an inconsistency between the verdicts on Count 1 and Count 2 affecting Magnan vis a vis Tutalo and Pontarelli vis a vis Cipriano *and all the attorneys are in agreement* that rather than reinstruct the jury on those points that I should handle it on motion for judgment NOV which I will do. Okay, gentlemen, let's go into court. [Emphasis added.]

No objection was made by either counsel and the jury was discharged. In their brief, appellants state that the attorney of record does not recall ever agreeing to a judgment n.o.v. This directly contradicts the explicit statement of the district court, and the record is bare of any objection or even slight demurral to it.

Town of Johnston, and two John Doe Johnston police officers. All of these defendants were dismissed from the case prior to trial. No appeal was taken by plaintiffs-appellees from their dismissal.

Three weeks later, during the course of ruling on post-trial motions, the district court put on the record what had happened after the verdicts had been returned.

We now come to the last group of motions, those motions in three different ways attempt to get at the problem of apparent inconsistencies in the verdict. The motion for new trial under 59(a), the motion for judgment NOV, and a motion to alter or amend the judgment under Rule 59(e). Let's attempt to be practical about this and first let me attempt to set the stage. The case went to the jury under a charge to which no one took exception, that the damages, common law assault and battery, violation of 42 U.S.C. 1983, were, [sic] in any event, identical verdict forms were sent [sic] up in this fashion, and again no one excepted to the verdict form. When the jury returned its verdict the Court discussed with counsel in chambers what the Court perceived to be an inconsistency in the verdict form. It is inconceivable to the Court, given the evidence in this case, that the jury could have found these defendants as they did, guilty in one instance of common law assault and battery and not guilty of a violation of Section 1983. I pointed that out to counsel at the time and I told counsel that in fact we had two alternatives. One was to further instruct the jury and send them back and have them straighten out the inconsistency, or to handle it myself on post-trial motions. *Counsel unanimously agreed with the latter course.* [Emphasis added.]

Again, as with the court's prior statement, there is nothing in the record to indicate any disagreement by defense counsel.[2]

The court went on to point out that a new trial would be a nullity because damages would remain the same, "there would be no additional monies implicated." The

2. We express no opinion on whether the verdicts were in fact inconsistent.

court then stated that it was its opinion that under the doctrine of *Lund v. Affleck,* 587 F.2d 75 (1st Cir.1978), "the plaintiffs are entitled to receive reasonable counsel fees irrespective of the findings, or lack thereof, under [the] Section 1983 count." [3]

After observing that "there are some procedural problems with judgment NOV" and a "paucity of authority under Rule 59(e)", [4] the court stated:

[N]evertheless I think that I have some leeway under that rule to correct an obvious inconsistency, particularly in view of the fact that the correction of that inconsistency, although in the interest of orderliness of the record, will not, in my view, be determinative of anything further in respect to the case, *and most especially in view of the fact that by agreement of counsel, in fact, that this matter was committed to me,* albeit with my concurrence, rather than be resubmitted to the jury at a time when I could have resubmitted it, for all those reasons, the Court will grant the plaintiff's Rule 59(e) motion to alter the judgment, not in terms of the monetary amount, but merely to reflect the entry of judgment for the plaintiff Tutalo against the defendant Magnan on Count 1, and for the plaintiff Cipriano against the defendant Pontarelli on Count 1. The judgment is specifically not altered as to the damage claims, it being clear that under the Court's charge and under the verdict form that the damages

awarded to Cipriano and Tutalo are, in each instance, all embracing of Count 2 as to which the jury has spoken and as to Count 1 wherein the Court has made its order. [Emphasis added.]

Appellants raise two issues before us: whether the district court abused its discretion by granting plaintiffs' motion under Federal Rule of Civil Procedure 59(e); and, if it did, whether plaintiffs are entitled to attorney's fees.

█ It seems clear from what is and is not in the record that appellants are foreclosed from attacking the district court's amendment of the judgments on the civil rights count. The district court and counsel agreed that the perceived inconsistency in the verdicts could be remedied by the district court and that there was no necessity to reinstruct the jury in this matter. On the basis of this agreement, the court discharged the jury. Although we have serious doubts about the use of Rule 59(e) in these circumstances, [5] we have none whatsoever that defendants, through their counsel, agreed that the jury verdicts and the civil rights count in each case would be reversed by the district court. In the face of this agreement, on which the court relied in discharging the jury, it matters not what procedural method was used to achieve the agreed-upon result.

█ It follows that, since the court was acting pursuant to an agreement between

---

3. We intimate no opinion as to whether *Lund v. Affleck,* 587 F.2d 75 (1st Cir.1978), authorizes attorney's fees under 42 U.S.C. § 1988 where the jury has found no constitutional violation. *See Maher v. Gagne,* 448 U.S. 122, 130–31, 100 S.Ct. 2570, 2575–76, 65 L.Ed.2d 653 (1980); *Smith v. Cumberland School Committee,* 703 F.2d 4, 7 (1st Cir.), *cert. granted sub nom. Smith v. Robinson,* —— U.S. ——, 104 S.Ct. 334, 78 L.Ed.2d 304 (1983); *Williams v. Thomas,* 692 F.2d 1032, 1036 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983); *Luria Brothers & Company v. Allen,* 672 F.2d 347, 357 (3d Cir.1982); *Reel v. Arkansas Department of Correction,* 672 F.2d 693, 697–98 (8th Cir.1982); *Milwe v. Cavuoto,* 653 F.2d 80, 84 (2d Cir.1981); *Church of Scientology of California v. Cazares,* 638 F.2d 1272, 1290–91 (5th Cir.1981); *Haywood v. Ball,* 634 F.2d 740, 743 (4th Cir.1980).

4. Fed.R.Civ.P. 59(e) provides:

(e) **Motion to Alter or Amend a Judgment.** A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

5. A motion to alter or amend judgment pursuant to Rule 59(e) may not be granted where to do so would undermine the jury's fact-finding role and trample on the defendant's seventh amendment right to a jury trial. *See Branson v. Prins Insurance, Inc.,* 79 F.R.D. 662, 664 (D.S.D.1978); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2817 at 111 (1973).

*Robinson v. Watts Detective Agency, Inc.,* 685 F.2d 729, 742 (1st Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 728, 74 L.Ed.2d 953 (1983).

it and counsel, there was no abuse of discretion and plaintiffs are entitled to the attorney's fees awarded under 42 U.S.C. § 1988.

*Affirmed.*